916 A.2d 1061 (2007)
391 N.J. Super. 17
Glenn T. COOPER and Glenn E. Ford, Plaintiffs-Appellants,
v.
CONSOLIDATED RAIL CORPORATION, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted January 24, 2007.
Decided February 28, 2007.
*1062 Strasser, Asatrian, Asatrian & Syme, for appellants (Martin V. Asatrian and Geoffrey D. Syme, Clifton, of counsel and on the brief).
Cozen O'Connor, Newark, for respondent (Raymond A. Kresge and Marianne May, on the brief).
Before Judges WINKELSTEIN, FUENTES and BAXTER.
The opinion of the court was delivered by
BAXTER, J.S.C. (temporarily assigned).
Plaintiffs Glenn T. Cooper and Glenn E. Ford appeal from a July 21, 2006 order denying their motion to reinstate their complaint and extend the period of discovery. We conclude that the denial of the motion was not an abuse of discretion, and affirm.

I.
Plaintiffs filed suit under the Law Against Discrimination, N.J.S.A. 10:5-1 to -49, on March 22, 2004. The original discovery end date was August 28, 2005. On June 2, 2004, defendant Consolidated Rail Corporation served its first set of document requests. Plaintiffs failed to comply. On December 2, 2004, defendant served plaintiffs with interrogatories, and notices of depositions to be held in late February 2005. On December 22, 2004, defendant served a second set of document requests on each plaintiff. Plaintiffs failed to comply with the discovery requests and failed to appear for depositions.
Discovery was extended to October 28, 2005, during which time plaintiffs continued to fail to comply. As a result, discovery was again extended to January 21, 2006, to permit plaintiffs to comply with defendant's written requests for discovery and complete depositions. Again, plaintiffs did not comply. On February 3, 2006, the return date of defendant's January 16, 2006 motion to dismiss, plaintiffs' counsel advised the court of a conflict between himself and one of the plaintiffs, and by order of February 3, 2006, plaintiffs' counsel was allowed to withdraw. The court denied defendant's motion to dismiss, and plaintiffs were given thirty days to seek and retain new counsel.
Plaintiffs did not do so during that ordered time period, and during the March 3, 2006 argument of defendant's motion for reconsideration, the court denied defendant's motion for dismissal of plaintiffs' complaint with prejudice pursuant to Rule 4:23-2, "Failure to Comply with Order." Instead, the court chose to proceed under Rule 4:23-5, "Failure to Make Discovery." Pursuant to the latter rule, the delinquent party is afforded ninety days to satisfy the outstanding discovery requests and thereby avoid a dismissal with prejudice. R. *1063 4:23-5(a)(2). During the March 3, 2006 motion hearing, Judge Brock patiently and thoroughly explained to each plaintiff his discovery obligations and the measures needed to avoid a dismissal with prejudice and asked each plaintiff if he understood. In response to her question, each plaintiff indicated that he understood. The judge made a notation on her March 3, 2006 order reflecting that explanation, and wrote, "[t]he Court explained to the plaintiffs that they could comply with discovery and file a motion to vacate the dismissal within the next ninety days to avoid a dismissal with prejudice." (emphasis added.)
The transcript of that motion hearing also reflects defense counsel's promise to again provide each plaintiff with a complete copy of all discovery that plaintiffs were required to provide within ninety days to avoid the dismissal with prejudice that Judge Brock had described. On March 3, 2006, counsel for defendant sent each plaintiff, by certified mail, a package containing a copy of the March 3, 2006 order, along with the interrogatories, document requests and deposition notices. Each plaintiff, on March 16, 2006, signed his return receipt for the package.
At some time between March 3, 2006 and May 17, 2006, plaintiffs retained their current lawyer.[1] Thus, by mid-May 2006, and perhaps even earlier, plaintiffs and their counsel were actively at work preparing a motion to vacate the dismissal, as evidenced by each plaintiff having signed on May 17, 2006 a certification in support of the motion, filed on May 26, 2006, to vacate the dismissal.
Notably, the certifications submitted by plaintiffs in support of their May 29, 2006 motion to vacate the dismissal made no reference to any outstanding discovery that the judge had warned must be provided to avoid a dismissal with prejudice; to any effort currently underway to comply; or to having provided even a small amount of the outstanding discovery. Plaintiffs did not offer, in their briefs or in their certifications, any exceptional circumstances as a justification for their continued non-compliance with discovery.
Although Ford never alluded to it in his May 17, 2006 certification, his attorney argued for the first time during the July 21, 2006 motion hearing that Ford had undergone stomach and back surgery. Even though Ford was present on July 21, neither he nor his attorney provided any information about whether any such surgery occurred before or after the March 3, 2006 order was entered. Nor were any medical reports provided specifying when such surgery occurred. Judge Brock noted during argument of the motions on July 21 that if Ford had a medical problem that interfered with his ability to comply with her March 3, 2006 order, he should have asked for an extension of the ninety day time limit contained in that order, "but there isn't . . . a stitch of attempt to try to do it."
We note that a certification prepared by counsel for defendant in anticipation of the March 3, 2006 motion for dismissal without prejudice refers to Ford's attorney having advised him that Ford had a "medical emergency that placed him [in] the hospital *1064 on January 18. . . ." In a surprise to both counsel, Ford was well enough to appear in court on January 23 to give testimony in an unrelated case. Thus, if Ford's medical condition has any bearing on what occurred after March 3, 2006 in his case, he has provided no evidence concerning it.
Additionally, at the time plaintiffs signed their certifications on May 17, sixteen days remained before the June 3, 2006 deadline; nonetheless, they provided none of the requested documents, answered none of the interrogatories and had not made themselves available for deposition. Instead, they placed all the blame on their prior counsel for not complying with discovery.
On June 23, 2006, twenty days after the June 3, 2006 deadline had passed, defendant filed a motion for a final order of dismissal with prejudice, seeking application of the clear terms of the March 3, 2006 order. The motion was supported by a certification from defendant's counsel who observed that "[i]n the 110 days since March 3, 2006, plaintiffs have not communicated with me in any way about any aspect of the outstanding discovery . . . referenced in the March 3, 2006 order."
On July 21, 2006, the court heard argument on plaintiffs' motion to vacate dismissal and defendant's motion for a "final order of dismissal with prejudice." As of that date, plaintiffs had still not provided any of the discovery that was at issue in the March 3, 2006 order even though by then more than two months had elapsed since current counsel began representing them. Consequently, the court's focus that day, and properly so, was on the failure of plaintiffs and their new attorney to make even the slightest attempt to provide any of the discovery required by the March 3 order for restoration of plaintiffs' case.
At that hearing, the judge asked plaintiffs' counsel for an explanation of why nothing had been done since March 3 to "cure [the] defect" and thereby entitle plaintiffs to restoration of their complaint. The judge commented that plaintiffs had three months in which to comply with her March 3 order by providing the discovery but "they don't even make a stab at doing the discovery." Counsel answered by stating that "the matter had [already] been dismissed," and his plan was to have the dismissal vacated and provide the discovery thereafter. The judge disagreed, commenting, "that's why I made the point of telling them that they had to get going because they had ninety days." The judge added, "that's why I wrote it down in the order" so that "any lawyer that looked at it would see what they have to do, and they didn't do it. . . . Nothing happened to cure the problem." The judge continued, asking "[e]ven when [defendant's counsel] filed his motion did you all crank up and say, here, here . . . I did it now. Or we did it at the last second. [You] didn't even do that."
At the conclusion of the July 21, 2006 hearing, after finding that plaintiffs' position constituted a disregard of both her own March 3, 2006 order and the explicit provisions of Rule 4:23-5, and that no "exceptional circumstances" had been provided, Judge Brock granted defendant's motion to dismiss plaintiffs' complaint with prejudice and denied plaintiffs' motion to vacate the earlier dismissal.

I.
We review plaintiffs' contentions in accordance with our standard of review. A decision declining to reinstate a complaint dismissed for non-compliance with discovery obligations lies within the discretion of the trial court. Comeford v. Flagship Furniture Clearance Ctr., 198 N.J.Super. 514, 517, 487 A.2d 1257 (App. Div.1983), certif. denied, 97 N.J. 581, 483 *1065 A.2d 126 (1984). We will "decline [] to interfere with [such] matters of discretion unless it appears that an injustice has been done." Ibid. Defendant argues that plaintiffs have presented nothing to demonstrate an abuse of discretion. We agree.
Rule 4:23-5 provides that a motion to dismiss a complaint with prejudice once ninety days have elapsed following the earlier dismissal without prejudice, "shall be granted unless a motion to vacate the previously entered order of dismissal . . . without prejudice has been filed by the delinquent party and either the demanded and fully responsive discovery has been provided or exceptional circumstances are demonstrated." R. 4:23-5(a)(2) (emphasis added).[2] Unquestionably, plaintiffs provided none of the discovery that was previously demanded. Thus, unless plaintiffs demonstrated "exceptional circumstances," Rule 4:23-5(a)(2) required the court to grant defendant's motion for dismissal with prejudice.
The only facts advanced by plaintiffs before Judge Brock on July 21, 2006, or before us on appeal, as "exceptional circumstances" pertain to the conduct of plaintiffs' prior counsel, who failed to provide the requested discovery before he withdrew as their attorney in February 2006. Plaintiffs argue in their appellate brief that at the time the March 3, 2006 order of dismissal without prejudice was ordered:
The plaintiffs were left in an extremely compromised state. They themselves were wholly unprepared to continue the prosecution of this matter, and the one person who had engineered their predicament, [their former lawyer], had been graciously allowed to withdraw from the case by the court below. However, the compromised state the plaintiffs found themselves in was as a result of a procedural issue, not a substantive one . . . due to a procedural error committed by their prior counsel.
. . . .
[T]he plaintiffs did hire replacement counsel, and, within the time prescribed by the court in the March 3, 2006 order filed a motion to reopen the matter.
Plaintiffs' effort to persuade us that their prior counsel's apparent inattention to their file constitutes "exceptional circumstances" must fail. The record establishes each plaintiff fully understood on March 3, 2006, that in order to avoid a dismissal with prejudice ninety days later, he must provide the "demanded and fully responsive discovery." R. 4:23-5(a)(2). Plaintiffs retained present counsel on May 17, 2006 at the very latest and had consulted with him as early as the end of February. Thus, no matter how allegedly inattentive their first lawyer may have been prior to March 3, 2006, plaintiffs had ninety days thereafter in which to remedy the situation. Their failure to do so was completely unexplained in the Law Division or before us on appeal. No reason and certainly no "exceptional circumstances" have been advanced to explain plaintiffs' failure to schedule their depositions, answer the interrogatories or produce the requested documents between March 3, 2006 and July 21, 2006.
At the time present counsel prepared certifications for plaintiffs' signatures on May 17, 2006, seventeen days remained before the expiration of the ninety days on June 3, 2006, and more than two months *1066 remained until the motion to dismiss their complaint with prejudice was heard on July 21, 2006, yet plaintiffs failed to provide the outstanding discovery.
Judge Brock painstakingly explained to each plaintiff on March 3, 2006 the requirements of the order she entered that day. They had ninety days in which to comply. Plaintiffs' failure to do so cannot be laid at the feet of prior counsel, because he had withdrawn from representing them several weeks before the ninety days even started to run on March 3, 2006. Plaintiffs have presented nothing to demonstrate the "exceptional circumstances" required to avoid a dismissal with prejudice.
Judge Brock did not abuse her discretion, but instead carefully and properly applied Rule 4:23-5(a)(2).
We are mindful of the recent opinion in Ghandi v. Cespedes, 390 N.J.Super. 193, 198, 915 A.2d 39, 42 (App.Div.2007), reversing the trial court's refusal to reinstate a complaint that had been administratively dismissed seventeen months earlier, pursuant to Rule 1:13-7(a), when the plaintiff failed to serve the defendants with the summons and complaint. Plaintiff's counsel's inattention to the file was the cause of the delay in seeking restoration. Id. at 195, 915 A.2d at 40. We held there that motions to restore should be viewed "with great liberality," id. at 197, 915 A.2d at 41, and we relied upon the "general disinclination to invoke the ultimate sanction of dismissal where the statute of limitations has run." Id. at 198, 915 A.2d at 42. Ghandi is distinguishable for three reasons: (1) the defendant there, unlike defendant here, did not object to the reinstatement, (2) Rule 1:13-7(a) by its very terms obliges a court to reinstate a complaint whenever a defendant consents thereto, whereas, Rule 4:23-5 creates a contrary presumption by specifying that a dismissal with prejudice shall occur if certain conditions are satisfied, and (3) there is a significant difference between the long delay for service of summons and complaint in Ghandi, and the utter disregard for a series of court orders here.
Affirmed.
NOTES
[1] In a July 19, 2006 letter reply to the court, plaintiffs' current counsel notes that he first met with plaintiffs in late February 2006 to discuss representing them, but declined to enter the case at that time because of his concern about how little had been done "in the matters of discovery." Plaintiffs met with him again, at which time they brought with them a copy of the court's March 3, 2006 order. Sometime prior to May 17, 2006, when each plaintiff signed a certification prepared by their current counsel, counsel decided to undertake representing plaintiffs. On May 24, 2006, plaintiffs' counsel formally filed his appearance as counsel for plaintiffs.
[2] The rule further specifies that the attorney for a delinquent plaintiff must notify the plaintiff, in the form prescribed by Appendix II-G to the Rules of Court, of the pendency of the motion to dismiss with prejudice. R. 4:23-5(a)(2). Here, proper notification was provided because both plaintiffs were present in court on July 21, 2006 when defendant's motion to dismiss with prejudice was heard.