NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3757-14T2
 A-3758-14T21

MARIE ROGAN,

 Plaintiff-Respondent,

v.

CHRISTOPHER LEIBLE and
PATRICIA ZENGEL,

 Defendants-Appellants,

and

ROBERT L. GARIBALDI, JR.,
ESQ., as escrow agent only,

 Defendant.
_________________________________

 Argued October 12, 2017 – Decided November 22, 2017

 Before Judges Nugent, Currier, and Geiger.

 On appeal from Superior Court of New Jersey,
 Law Division, Essex County, Docket No. L-5045-
 12.

 Eric S. Solotoff argued the cause for
 appellant Christopher Leible (Fox Rothschild,
 LLP, attorneys; Mr. Solotoff, of counsel and
 on the briefs; Lauren Vodopia, on the briefs).

1
 We have consolidated these back-to-back appeals for disposition
in this opinion.
 Barry S. Goodman argued the cause for
 appellant Patricia Zengel (Greenbaum, Rowe,
 Smith & Davis, LLP, attorneys; Mr. Goodman,
 of counsel and on the briefs; Steven B.
 Gladis, on the briefs).

 David M. Paris argued the cause for respondent
 (Piro Zinna Cifelli Paris & Genitempo, LLC,
 attorneys; Mr. Paris and Margarita Romanova,
 on the briefs).

PER CURIAM

 Defendants Christopher Leible and Patricia Zengel separately

appeal from a judgment the trial court entered against them after

suppressing their answers with prejudice for failure to make

discovery.2 The trial court suppressed defendants' answers under

the authority of Rule 4:23-5, even though the rule's procedural

safeguards had not been followed. The ensuing proof hearing

culminated in the entry of a substantial judgment that in part had

no basis in fact or in law. For these reasons, we vacate the

suppression orders and judgment, reinstate defendants' answers and

affirmative defenses, and remand for further proceedings.

 Underlying the procedural issues on this appeal is an

unconsummated contract for the sale of a residential condominium

unit. Plaintiff Marie Rogan contracted to buy the unit from its

2
 Because the judgment was not entered against Garibaldi, and
because he has not filed an appeal, we do not include him when we
refer to "defendants" throughout this opinion.

 2 A-3757-14T2
owner, defendant Leible. Leible's real estate agent was defendant

Zengel. Robert Garibaldi, an attorney, acted as the escrow agent

for plaintiff's $40,000 deposit. Things went awry when plaintiff

was unable to obtain a mortgage.

 The parties disputed the reason plaintiff could not get a

mortgage. Plaintiff claimed the reason was the condominium

association's involvement in litigation, a fact Garibaldi and

defendants did not disclose to plaintiff when she signed the

contract. Garibaldi and defendants, or at least defendant Leible,

claimed plaintiff was not creditworthy.

 In any event, when plaintiff was unable to get a mortgage,

she invoked the contract's mortgage contingency clause and

demanded return of her deposit. When Garibaldi refused to return

the deposit — because his "client [was] not willing to release the

deposit at [that] time" — plaintiff commenced this action by filing

a complaint against him and defendants.

 The complaint's four counts included causes of action for

fraudulent misrepresentation, consumer fraud, breach of contract,

and conversion. The breach of contract count alleged that

Garibaldi and defendant Leible, not defendant Zengel, breached by

refusing to return the deposit. Defendant Zengel was not a party

 3 A-3757-14T2
to the contract. Similarly, the complaint's conversion count was

based on defendant Leible's refusal to return the deposit.

 Garibaldi was a party as well as a potential witness, having

informed plaintiff her deposit would not be returned.

Notwithstanding these roles and the potential conflicts between

defendants based on the complaint's allegations, Garibaldi

undertook his own and defendants' representation. He filed an

answer on behalf of himself and the others, and he filed a

counterclaim on behalf of Leible. In response, plaintiff's

attorney sent Garibaldi a letter demanding defendants withdraw

their frivolous counterclaim pursuant to Rule 1:4-8 and N.J.S.A.

2A:15-59.1. They declined to do so. Plaintiff filed an answer

to the counterclaim, asserting, among other things, defendants

filed the counterclaim in bad faith, thus violating the Frivolous

Action Statute, N.J.S.A. 2A:15-59.1.

 Plaintiff served defendants with discovery requests. When

they did not timely respond, she filed a motion to compel

discovery, as authorized by Rule 4:23-5(c). Defendants did not

oppose the motion and the trial court granted it, ordering

defendants to serve discovery responses within ten days or risk

having their answer "stricken by the [c]ourt upon an ex parte

application to this [c]ourt." Nonetheless, plaintiff filed a

 4 A-3757-14T2
motion to suppress defendants' answer without prejudice, as

authorized by Rule 4:23-5(a)(1). The court granted the motion.

 Plaintiff served Garibaldi with the suppression order.

Garibaldi neither sent the order to his clients, defendants, nor

notified them "in the form prescribed by Appendix II-A of these

rules, specifically explaining the consequences of failure to

comply with the discovery obligation and to file and serve a timely

motion to restore." R. 4:23-5(a)(1).

 A week after the court granted plaintiff's suppression

motion, Garibaldi moved to deposit plaintiff's $40,000 into court

and to be dismissed from the case as he was no longer acting as

an escrow agent. R. 4:57-1. Plaintiff opposed Garibaldi's motion

to be dismissed from the suit and cross-moved to disqualify

Garibaldi from representing defendants based on his status as a

witness. The court granted Garibaldi's motion to deposit the

escrowed funds, denied without prejudice his motion to be dismissed

from the suit, and granted plaintiff's motion to disqualify

Garibaldi from representing defendants.

 The same day, defendant Zengel responded to plaintiff's

request for production of documents. The response included general

objections, assertions of "to be provided," and claims certain

requests were not applicable to the case. In addition, defendant

 5 A-3757-14T2
Zengel completed her interrogatory answers, but they were not

given to plaintiff.

 When defendants did not timely file a motion to reinstate

their answer, plaintiff filed a motion to suppress their answer

with prejudice as authorized by Rule 4:23-5(a)(2). Because

defendants were now unrepresented, plaintiff's counsel sent them

copies of the motion and a letter, as required by the rule, "in

the form prescribed by Appendix II-B, of the pendency of the motion

to . . . suppress with prejudice." Ibid. Defendants did not

oppose the motion and did not appear in court on its return date.

The court granted the motion "FOR REASONS SET FORTH BY MOVANT."

 Shortly after the court suppressed defendants' answer with

prejudice, defendants retained new counsel. Defendants

subsequently served the delinquent discovery and filed a motion

to reinstate their answer. The parties disputed the adequacy of

defendants' discovery responses. The court denied the motion and

scheduled a proof hearing. After further motion practice, the

court ordered the deposited funds returned to plaintiff.

 Following the proof hearing, at which plaintiff and her

accountant testified, the court entered judgment against

defendants for $140,105: $38,172 for compensatory damages, trebled

to $114,516 pursuant to the Consumer Fraud Act (CFA), N.J.S.A.

 6 A-3757-14T2
56:8-1 to -204; and $25,589 for counsel fees and costs. The trial

court determined that defendant Leible had wrongfully exercised

control over the deposit when he refused to refund it, and his

conduct constituted an act of conversion. The court further found

defendants had committed consumer fraud by failing to disclose the

condominium association was in litigation. In doing so, the court

made findings of fact as to defendant Leible's knowledge of the

condominium association litigation, but none as to defendant

Zengel's knowledge of the litigation. Lastly, the trial court

awarded attorney's fees to plaintiff, finding plaintiff was

entitled to fees under the CFA. The court noted Rule 1:4-8 also

supported the award of fees.

 The court entered an order of judgment. Defendants appealed.

 On appeal, defendants contend the trial court abused its

discretion by suppressing their answer with prejudice without

adhering to the requirements of Rule 4:23-5, and by denying their

motion to reinstate the answer after they served discovery

responses. They also contend the trial court committed numerous

errors in entering judgment, particularly under the CFA.

 Plaintiff disputes the trial court erred in any way. She

insists defendants utterly disregarded their discovery

obligations, thus warranting the suppression of their answer with

 7 A-3757-14T2
prejudice. She further insists she produced ample evidence at the

proof hearing to support the court's consumer fraud award as well

as its award of fees and costs.

 We begin with defendants' challenges to the trial court's

suppression of their answer with prejudice. We review the trial

court's ruling under an abuse of discretion standard. A & M Farm

& Garden Ctr. v. Am. Sprinkler Mech., LLC, 423 N.J. Super. 528,

534 (App. Div. 2012); Cooper v. Consol. Rail Corp., 391 N.J. Super.

17, 22-23 (App. Div. 2007).

 Rule 4:23-5 establishes a two-step process that a party must

follow to obtain an order dismissing or suppressing with prejudice

the pleading of an adversary who has failed to make discovery.

The moving party must first "move, on notice, for an order

dismissing or suppressing the pleading of the delinquent party"

without prejudice. R. 4:23-5(a)(1).3 If the court has not vacated

an order of dismissal or suppression without prejudice, "the party

entitled to the discovery may, after the expiration of [sixty]

days from the date of the order, move on notice for an order of

dismissal or suppression with prejudice." R. 4:23-5(a)(2).

3
 "Prior to moving to dismiss pursuant to subparagraph (a)(1) of
this rule, a party may move for an order compelling discovery
demanded pursuant to R. 4:14 [depositions], R. 4:18 [discovery and
inspection of documents] and R. 4:19 [physical and mental
examinations]." R. 4:23-5(c).

 8 A-3757-14T2
 Rule 4:23-5 contains procedural safeguards to bolster its

main objective, which "is to compel discovery responses rather

than to dismiss the case." A & M Farm, supra, 423 N.J. Super. at

534. Rule 4:23-5(a)(1) provides:

 Upon being served with the order of dismissal
 or suppression without prejudice, counsel for
 the delinquent party shall forthwith serve a
 copy of the order on the client by regular and
 certified mail, return receipt requested,
 accompanied by a notice in the form prescribed
 by Appendix II-A of these rules, specifically
 explaining the consequences of failure to
 comply with the discovery obligation and to
 file and serve a timely motion to restore.

 The filing and service of the subsequent motion to dismiss

or suppress with prejudice triggers additional safeguards. Rule

4:23-5(a)(2) provides:

 The attorney for the delinquent party shall,
 not later than 7 days prior to the return date
 of the motion, file and serve an affidavit
 reciting that the client was previously served
 as required by subparagraph (a)(1) and has
 been served with an additional notification,
 in the form prescribed by Appendix II-B, of
 the pendency of the motion to dismiss or
 suppress with prejudice. In lieu thereof, the
 attorney for the delinquent party may certify
 that despite diligent inquiry, which shall be
 detailed in the affidavit, the client's
 whereabouts have not been able to be
 determined and such service on the client was
 therefore not made. If the delinquent party
 is appearing pro se, the moving party shall
 attach to the motion a similar affidavit of
 service of the order and notices or, in lieu
 thereof, a certification as to why service was

 9 A-3757-14T2
 not made. Appearance on the return date of
 the motion shall be mandatory for the attorney
 for the delinquent party or the delinquent pro
 se party.

 In addition to the attorneys' obligations, Rule 4:23-5(a)(3)

imposes obligations on the court:

 If the attorney for the delinquent party fails
 to timely serve the client with the original
 order of dismissal or suppression without
 prejudice, fails to file and serve the
 affidavit and the notifications required by
 this rule, or fails to appear on the return
 date of the motion to dismiss or suppress with
 prejudice, the court shall, unless exceptional
 circumstances are demonstrated, proceed by
 order to show cause or take such other
 appropriate action as may be necessary to
 obtain compliance with the requirements of
 this rule.

 This judicial obligation "was designed as a fail-safe measure

to ensure that the ultimate sanction is not needlessly imposed."

A & M Farm, supra, 423 N.J. Super. at 537. "The requirement that

the court take 'appropriate action as may be necessary to obtain

compliance' calls upon the court to exercise its inherent authority

to make certain its decision to terminate the litigation is an

informed one." Id. at 537-38 (quoting R. 4:23-5(b)(3)). Thus,

in cases where "there is nothing before the court showing that a

litigant has received notice of its exposure to the ultimate

sanction, the court must take some action to obtain compliance

with the requirements of the rule before entering an order of

 10 A-3757-14T2
dismissal or suppression with prejudice." Id. at 539. In

addition, "the court must set forth what effort was made to secure

compliance on the record or on the order." Ibid.

 Here, Garibaldi did not send defendants the required notice

after their answer was suppressed without prejudice. He did not

even send them a copy of the order. Although plaintiff's attorney

sent defendants copies of the motion to dismiss with prejudice,

their attorney had been disqualified from representing them and

they apparently did not appear on the return date of the motion.

 Rule 4:23-5(a)(3) requires that a court take action if the

attorney for the delinquent party has not served that party with

the order of dismissal or suppression without prejudice, fails to

file and serve the affidavit and notifications required by the

rule, or fails to appear on the return date of the motion. Here,

it is undisputed Garibaldi did not comply with the requirements

of Rule 4:23-5(a)(1). Neither an attorney nor defendants appeared

on the return date of the motion to dismiss with prejudice. Rule

4:23-5(a)(3) required the court to take some action to obtain

compliance with the requirements of the rule before entering the

order of suppression. The court was also required to set forth

on the record or on the suppression order what effort was made to

secure compliance. The court did neither. The oversight is

 11 A-3757-14T2
particularly troublesome in view of the court's disqualification

of defendants' counsel a month before plaintiff filed the motion

to suppress with prejudice.

 The court could have had its clerk contact Garibaldi or

compelled Garibaldi's appearance to determine if he had complied

with Rule 4:23-5 while representing defendants. Either action

would have disclosed several pertinent facts: Garibaldi's non-

compliance with Rule 4:23-5(a)(1); when, or if, Garibaldi had

informed defendants of his disqualification; and perhaps why

defendants had yet to retain new counsel or take any action to

avoid the suppression of their answer with prejudice. We conclude

the court misapplied its discretion by imposing the ultimate

sanction without attempting to determine compliance with Rule

4:23-5 under these circumstances.

 Plaintiff insists the trial court did not abuse its discretion

in view of defendants' prolonged non-compliance with their

discovery obligations and plaintiff's notification to defendants

as required by Rule 4:23-5(a)(2). Although not entirely without

merit, these arguments overlook the injustice that appears to have

occurred, warranting reversal. See Abtrax Pharm., Inc. v. Elkins-

Sinn, Inc., 139 N.J. 499, 517 (1995) (noting appellate courts

 12 A-3757-14T2
should not interfere with a trial court's sanction for discovery

misconduct "unless an injustice appears to have been done").

 First, defendants were prejudiced by their attorney's

undertaking their representation when he should have known he

would be a witness, by his disqualification at a critical time

during plaintiff's motion practice, and by his non-compliance with

Rule 4:23-5. These circumstances contributed to the suppression

of defendants' answer and ultimately to the judgment entered

against them; a substantial judgment that in large part was

unsupported by facts and contrary to law.

 The judgment entered against defendant Leible included treble

damages and attorney's fees under the CFA, despite well-settled

law that the CFA does not apply to a homeowner, such as defendant

Leible in these circumstances. See, e.g., Zaman v. Felton, 219

N.J. 199, 223 (2014) (noting "our courts have declined to impose

the CFA remedies upon the non-professional, casual seller of real

estate"); Byrne v. Weichert Realtors, 290 N.J. Super. 126, 134

(App. Div.) (explaining that the provisions of the CFA "do[] not

apply . . . to non-professional sellers of real estate, i.e. to

the homeowner who sells a house in the normal course of events"),

certif. denied, 147 N.J. 259 (1996).

 13 A-3757-14T2
 The CFA judgment against defendant Zengel is also

questionable. Plaintiff alleged a combination of defendants' non-

disclosure of the condominium association's litigation and the

non-return of the deposit constituted consumer fraud and caused

her damages. The trial court cited no evidence to support its

conclusion that defendant Zengel was aware of the condominium

association's litigation when plaintiff contracted to purchase the

condominium unit. Moreover, defendant Zengel was not a party to

the contract of sale and plaintiff produced no evidence at the

proof hearing that Zengel participated in or influenced defendant

Leible's decision not to return the security deposit.

 When a trial court requires a plaintiff to provide proof of

liability as to a defaulting defendant, the plaintiff need only

establish a prima facie case. Kolczycki v. City of E. Orange, 317

N.J. Super. 505, 514 (App. Div. 1999); Heimbach v. Mueller, 229

N.J. Super. 17, 20 (App. Div. 1988); see also Pressler & Verniero,

Current N.J. Court Rules, comment 2.2.2 on R. 4:43-2 (2018)

(stating that "unless there is intervening consideration of public

policy or other requirement of fundamental justice, the judge

should ordinarily apply to plaintiff's proofs the prima facie case

standard of R. 4:37-2(b) and R. 4:40-1, thus not weighing evidence

or finding facts but only determining bare sufficiency"). Judgment

 14 A-3757-14T2
should be denied if "some necessary element of plaintiff's prima

facie case [is] missing or because plaintiff's claim [is] barred

by some rule of law whose applicability [is] evident either from

the pleadings or from the proofs presented." Heimbach, supra, 229

N.J. Super. at 23-24.

 Here, established precedent barred plaintiff's CFA claim

against Leible, and plaintiff's claim against Zengel was missing

elements of a prima facie case. Yet, the court entered a judgment

that included treble damages and attorney's fees against

defendants.4

 We vacate the suppression orders and the judgment and remand

for further proceedings. We do so because trial counsel did not

comply with the requirements of Rule 4:23-5, the trial court made

no attempt to comply with its obligation under the rule, defendants

were left unrepresented by an attorney when the motion to suppress

with prejudice was filed, and the consequence was the entry of a

judgment in large part unsupported by facts or law.

 On remand, the trial court should conduct a management

conference, within thirty days if practical, and enter a discovery

order specifying the remaining discovery needed and the deadlines

4
 Although the trial court stated plaintiff was entitled to
attorney's fees under Rule 1:4-8, the court provided no analysis
or explanation for this determination.

 15 A-3757-14T2
for completion. Defendants will thus have explicit notice of

their discovery obligations and the consequences of failing to

timely discharge them. The merits of the causes of action pleaded

in the complaint shall be decided following completion of

discovery, by motion or at a trial, but not on the basis of the

previous proof hearing or this opinion.

 Our opinion should not be read as precluding plaintiff from

seeking fees or appropriate sanctions as a result of motion

practice necessitated by defendants' failure to timely make

discovery and Garibaldi's non-compliance with Rule 4:23-5. See

R. 4:23-5(a)(3). Nor should our opinion be construed as suggesting

that Leible's withholding of the deposit and his defenses to

plaintiff's suit for its return either do or do not have merit.

 The suppression orders and judgment are vacated. Defendants'

answer is reinstated. This matter is remanded to the trial court

for further proceedings consistent with this opinion. We do not

retain jurisdiction.

 16 A-3757-14T2