**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1995-16T1

KEITH P. SEQUEIRA,

    Plaintiff-Appellant,

v.

WELLS FARGO ADVISORS, LLC,

    Defendant-Respondent.

_____

Argued May 9, 2018 — Decided June 18, 2018

Before Judges Koblitz, Manahan, and Suter.

On appeal from Superior Court of New Jersey,
Law Division, Monmouth County, Docket No.
L-3393-14.

Keith P. Sequeira, appellant, argued the cause
pro se.

David W. Schmidt argued the cause for
respondent (Lubiner, Schmidt & Palumbo, LLC,
attorneys; David W. Schmidt, on the brief).

PER CURIAM

    Plaintiff Keith Sequeira appeals from orders of the trial

court administratively dismissing his complaint against defendant

Wells Fargo Advisors, LLC, due to lack of prosecution per Rule

1:13-7 for failure to effectuate process in a timely manner and denying reinstatement of the complaint for failure to demonstrate "good cause." We affirm.

Sequeira is a former financial advisor, hired by Wells Fargo's predecessor firm in 1998, who was licensed and regulated by the Financial Industry Regulatory Authority (FINRA). In 2008, Sequeira filed a plenary action against numerous defendants, including two of Wells Fargo's predecessor firms, alleging discrimination and unlawful retaliation in violation of the Law Against Discrimination, N.J.S.A. 10:5-1 to -49. Sequeira's complaint was dismissed with prejudice, and we affirmed on appeal. Sequeira v. Prudential Equity Grp., LLC, No. A-0734-10 (App. Div. Oct. 9, 2014) (slip op. at 1-2) (Sequeira I). Sequeira filed a second action against the same defendants in 2012, which was again dismissed with prejudice. We affirmed on appeal. Sequeira v. Wells Fargo & Co., No. A-3239-13 (App. Div. Feb. 24, 2016) (Sequeira II).

On August 5, 2014, a FINRA arbitration proceeding was instituted by Wells Fargo against Sequeira. The arbitrators awarded Wells Fargo $47,462.56 in compensatory damages and $30,000 in attorneys' fees. On September 4, 2014, Sequeira filed an action

naming Wells Fargo Advisors, LLC, and others seeking to vacate the arbitration award (Sequeira III).[1]

In January 2015, after there was no responsive pleading to the complaint filed and no entry of default sought, a notice of dismissal was issued pursuant to Rule 1:13-7(a).  Pursuant to the notice, the complaint was administratively dismissed on March 27, 2015.

Thereafter, Sequeira filed a motion to extend time to file, to serve an amended complaint and to extend discovery.  On April 10, 2015, the judge denied Sequeira's motion, noting the complaint was dismissed on March 27, 2015, for lack of prosecution.  Sequeira filed a motion for reconsideration and for reinstatement of the case to the active trial list.  The motion was denied on July 10, 2015.

Sequeira served the complaint for Sequeira III on defendant Wells Fargo in August 2016.  Thereafter, Sequeira filed a motion to reinstate the complaint, alleging he had cured the defect which led to the dismissal.

In a written statement of reasons, the judge denied Sequeira's motion to reinstate for failure to provide good cause or exceptional circumstances for his failure to prosecute and serve

---

[1]   The other defendants in this matter were dismissed by stipulation prior to this action.

the complaint.  On November 7, 2016, Sequeira filed another motion to reinstate the complaint.  In a written statement of reasons, the judge denied Sequeira's motion.  This appeal followed.

On appeal, Sequeira raises the following points:

### POINT I

PLAINTIFF FILED NOTICE OF APPEAL.  JUDGE O'BRIEN WAS DEPRIVED OF JURISDICTION.  HIS ORDERS DISMISSING SEQUEIRA III WERE VOID.

### POINT II

JUDGE O'BRIEN ABUSED HIS DISCRETION BY DISMISSING SEQUEIRA III PURSUANT TO R. 1:13-7.

### POINT III

JUDGE O'BRIEN ABUSED HIS DISCRETION BY REPEATEDLY REFUSING TO REINSTATE SEQUEIRA III.

### POINT IV

JUDGE O'BRIEN AND THIS COURT IMPERMISSIBLY DISREGARDED ATALESE.[2]

We have considered these arguments in light of the record and conclude that they lack sufficient merit to warrant consideration

---

[2] Atalese v. U.S. Legal Servs. Grp., LP, 219 N.J. 430 (2014).  In Atalese, our Supreme Court considered the enforceability of an arbitration agreement that did not provide notice to the consumer that, by signing the agreement, she would be forfeiting her right to relief in a judicial forum.  Id. at 435-36.  This argument is not properly before us for review as enforceability of the arbitration award was relief sought in the complaint that was not reinstated.

in a written opinion. R. 2:11-3(e)(1)(E). We add only the following.

"Our review of an order denying reinstatement of a complaint dismissed for lack of prosecution proceeds under an abuse of discretion standard." Baskett v. Kwokleung Cheung, 422 N.J. Super. 377, 382 (App. Div. 2011). We "decline[] to interfere with [such] matter of discretion unless it appears that an injustice has been done." St. James AME Dev. Corp. v. City of Jersey City, 403 N.J. Super. 480, 484 (App. Div. 2008) (alteration in original) (quoting Cooper v. Consol. Rail Corp., 391 N.J. Super. 17, 23 (App. Div. 2007)).

In consideration of our standard of review in light of the pattern of non-conformance by Sequeira with our rules of court and court orders, we discern no abuse of discretion in the denial of the reinstatement of the complaint. We affirm substantially for the reasons stated in Judge O'Brien's thorough written opinions.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION