**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2975-16T3

CHRISTIE WYSSENSKI,

    Plaintiff-Appellant,

v.

CHRISTOPHER P. STATILE and
CHRISTOPHER P. STATILE, PA,

    Defendants-Respondents.

_____

Argued July 2, 2018 — Decided July 18, 2018

Before Judges Carroll and Rose.

On appeal from Superior Court of New Jersey,
Law Division, Bergen County, Docket No. L-
4325-14.

George J. Cotz argued the cause for appellant.

Marc A. Raso argued the cause for respondents
(Raso Legal Group, LLC, attorneys; Marc A.
Raso, on the brief).

PER CURIAM

    Plaintiff Christie Wyssenski appeals from an order dismissing

her complaint against defendants Christopher P. Statile and

Christopher P. Statile, PA with prejudice pursuant to Rule 4:23-

5(a)(2) for failure to provide discovery, and from an order denying her motion for reconsideration. Because we cannot find on this record that the judge abused her discretion by dismissing plaintiff's complaint with prejudice, we affirm.

On May 17, 2014, plaintiff filed a complaint against defendants, her former employers, alleging violations of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to -49, the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a to -56a30, and the Conscientious Employee Protection Act, N.J.S.A. 34:19-1 to -14. Thereafter, the parties filed several discovery motions, including motions to dismiss the complaint for discovery failures, to reinstate the case, to compel discovery, and to quash certain subpoenas. Since the parties are well familiar with this tortured procedural history, we reference only the most pertinent portions to lend context to the present appeal.

On April 14, 2015, defendants filed a motion to dismiss plaintiff's complaint without prejudice for failure to provide more specific answers to interrogatories and more specific responses to requests for production. Plaintiff thereafter provided defendants with certain information. Consequently, on May 28, 2015, defendants withdrew their dismissal motion, without prejudice to the right to refile it.

On November 20, 2015, the trial court granted an extension of the discovery end date, and set deadlines for the completion of outstanding discovery. On February 19, 2016, the court granted defendant's second motion to dismiss the complaint without prejudice, based on plaintiff's failure to comply with the November 20, 2015 order.

On June 10, 2016, the court granted plaintiff's motion to restore the case to the trial calendar, subject to payment of the applicable restoration fee. R. 4:23-5(a)(1). The trial court conducted a case management conference on June 17, 2016, in an effort to move the case forward. On July 21, 2016, the parties forwarded a revised consent order to the court, again extending the discovery deadlines.

On August 17, 2016, defendants filed a third motion to dismiss the complaint without prejudice. Defendants cited plaintiff's failure to respond to defendants' third discovery demands that had been served on February 16, 2016. Rather than resorting to the sanction of dismissal, on September 2, 2016, the court instead ordered plaintiff to provide <u>certified</u> responses to defendants' third discovery demands within ten days. If plaintiff failed to comply, the order directed defendants' counsel to "submit a [c]ertification to the [c]ourt, on notice to plaintiff's counsel, at which time this matter will be dismissed without prejudice."

On September 21, 2016, defense counsel certified that plaintiff failed to comply with the September 2 order. Plaintiff's counsel replied in opposition the following day. On November 4, 2016, the court found "from the submissions of both counsel that plaintiff has failed to comply with the [o]rder of September 2, 2016, in that she has failed to provide certified responses to interrogatories despite having been given the opportunity to do so." Consequently, the court entered an order again dismissing plaintiff's complaint without prejudice pursuant to Rule 4:23-5(a)(1).

On November 7, 2016, plaintiff moved to vacate the dismissal order and restore the case to the trial calendar. On December 6, 2016, the court denied the motion. In a comprehensive written statement of reasons that accompanied the order, the motion judge chronicled the "unusually problematic" history of "discovery disputes" that "caused this case to age unnecessarily." The judge noted the case was then two years and seven months old, and there had been five prior discovery extensions. The judge found plaintiff had yet to supply certified responses to defendants' third discovery demands. Accordingly, dismissal without prejudice remained warranted because plaintiff's discovery responses were deficient pursuant to Rule 4:17-4(a) (requiring interrogatories to be answered "under oath") and Rule 4:18-1(b)(2) (requiring a

party responding to a document production request to "swear or certify" that the answer is "complete and accurate").

On January 3, 2017, defendants moved for dismissal with prejudice pursuant to Rule 4:23-5(a)(2). The motion was originally returnable on January 20, 2017. On January 23, the court entered an order adjourning the motion to February 3, 2017. The order directed plaintiff's counsel to appear on the return date and show cause why the complaint should not be dismissed with prejudice, and to comply with the requirements of Rule 4:23-5(a)(2) prior to the hearing date.

Plaintiff and her counsel attended the February 3, 2017 hearing. Following oral argument, the court dismissed plaintiff's complaint with prejudice, finding plaintiff had failed to cure the discovery defaults and had not moved to vacate the previously entered order of dismissal without prejudice. Plaintiff filed a timely motion for reconsideration, which the court denied on March 7, 2017. This appeal followed.

On appeal, plaintiff argues the trial court abused its discretion in dismissing the complaint rather than imposing some less severe sanction. Plaintiff also contends the court improperly proceeded under Rule 4:23-5, and that her improperly certified answers to interrogatories and responses to the third demand to produce should have been deemed acceptable. We disagree.

A-2975-16T3

"[T]he standard of review for dismissal of a complaint with prejudice for discovery misconduct is whether the trial court abused its discretion[.]" Abtrax Pharm. v. Elkins-Sinn, Inc., 139 N.J. 499, 517 (1995). We will decline to interfere with the exercise of that discretion unless we view an injustice has been done. St. James AME Dev. Corp. v. City of Jersey City, 403 N.J. Super. 480, 484 (App. Div. 2008) (citing Cooper v. Consolidated Rail Corp., 391 N.J. Super. 17, 23 (App. Div. 2007)).

Here, the record clearly shows the motion judge scrupulously adhered to the procedural safeguards established in Rule 4:23-5. The rule imposes a duty on the motion judge "to take action to obtain compliance with the requirements of the rule." A & M Farm & Garden Ctr. v. Am. Sprinkler Mech. LLC, 423 N.J. Super. 528, 532 (App. Div. 2012). Rule 4:23-5 codifies a two-step procedural paradigm that must be strictly adhered to before the sanction of dismissal of a complaint with prejudice for failing to answer interrogatories or provide other discovery can be imposed. St. James, 403 N.J. Super. at 484. These procedural requirements must be scrupulously followed and technically complied with. Sullivan v. Coverings & Installation, Inc., 403 N.J. Super. 86, 95 (App. Div. 2008).

Step one requires the party aggrieved by the delinquent party's failure to fulfill its discovery obligations to move to

dismiss the complaint without prejudice. R. 4:23-5(a)(1). To ensure the delinquent party is aware of its derelictions and has the opportunity to correct them, the rule further provides that:

> Upon being served with the order of dismissal or suppression without prejudice, counsel for the delinquent party shall forthwith serve a copy of the order on the client by regular and certified mail, return receipt requested, accompanied by a notice in the form prescribed by Appendix II-A of these rules, specifically explaining the consequences of failure to comply with the discovery obligation and to file and serve a timely motion to restore. If the delinquent party is appearing pro se, service of the order and notice hereby required shall be made by counsel for the moving party.
>
> [R. 4:23-5(a)(1).]

Following compliance with the procedures set out in step one of the rule, the aggrieved party may then move to dismiss the complaint with prejudice. Rule 4:23-5(a)(2) provides that:

> the party entitled to the discovery may, after the expiration of 60 days from the date of the order, move on notice for an order of dismissal or suppression with prejudice. The attorney for the delinquent party shall, not later than 7 days prior to the return date of the motion, file and serve an affidavit reciting that the client was previously served as required by subparagraph (a)(1) and has been served with an additional notification in the form prescribed by Appendix II-B, of the pendency of the motion to dismiss or suppress with prejudice. In lieu thereof, the attorney for the delinquent party may certify that despite diligent inquiry, which shall be detailed in the affidavit, the client's

7

whereabouts have not been able to be determined and such service on the client was therefore not made. If the delinquent party is appearing pro se, the moving party shall attach to the motion a similar affidavit of service of the order and notices or, in lieu thereof, a certification as to why service was not made. Appearance on the return date of the motion shall be mandatory for the attorney for the delinquent party or the delinquent pro se party. The moving party need not appear but may be required to do so by the court. The motion to dismiss or suppress with prejudice shall be granted unless a motion to vacate the previously entered order of dismissal or suppression without prejudice has been filed by the delinquent party and either the demanded and fully responsive discovery has been provided or exceptional circumstances are demonstrated.

[R. 4:23-5(a)(2).]

Although we agree that the two-step procedure of Rule 4:23-5 is designed to compel the discovery rather than to dismiss the complaint, Adedoyin v. Arc of Morris County Chapter, Inc., 325 N.J. Super. 173, 180 (App. Div. 1999); Pressler & Verniero, Current N.J. Court Rules, cmt. 3 on R. 4:23-5 (2016), here we are satisfied that the motion judge afforded plaintiff multiple opportunities to provide the certified discovery responses in order to avoid dismissal of the complaint. Given the long history of discovery delays, we cannot find the judge abused her discretion on this record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2975-16T3