**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0241-24

STEVEN ANELLO and
ANELLO FENCE, LLC,

     Plaintiffs-Appellants,

v.

MARK J. INGBER, ESQ.,
INGBER & GELBER, LLP,
n/k/a INGBER LAW FIRM,
MICHAEL H. ANSELL, ESQ.,
ANSELL GRIMM & AARON, PC,
and MICHAEL EINHORN, ESQ.,

     Defendants-Respondents.

_____

Submitted October 2, 2025 – Decided November 14, 2025

Before Judges Mawla and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-3672-19.

Alfred V. Acquaviva, LLC, attorneys for appellant (Alfred V. Acquaviva, on the brief).

Lewis Brisbois Bisgaard & Smith, LLP, attorneys for respondents Mark J. Ingber and Ingber & Gelber, LLP (Jeffrey S. Leonard, on the brief).

PER CURIAM

This matter returns to us after our remand to the Law Division to consider anew defendants Mark J. Ingber's and Ingber & Gelber, LLP n/k/a Ingber Law Firm's motion to dismiss plaintiffs' complaint with prejudice. Anello v. Ingber, No. A-2055-22 (App. Div. Apr. 8, 2024) (slip op. at 10). Plaintiffs appeal from the September 13, 2024 order denying reconsideration of the July 26, 2024 order dismissing their complaint with prejudice for failure to provide discovery, pursuant to Rule 4:23-5(a)(2). We affirm.

We summarize the relevant procedural history because the parties are familiar with the underlying facts. In August 2019, the Ingber defendants propounded a notice to produce documents and interrogatories on plaintiffs. Plaintiffs, however, did not serve their responses by October 18, 2020, the initial discovery end date. The next day, plaintiffs moved to extend discovery.

The Ingber defendants opposed plaintiffs' motion, but the trial court granted plaintiffs' motion. Under the January 22, 2021 consent case management order, entered by a different trial court, the deadline for fact

discovery was extended to April 30, 2021, and the discovery end date was listed for August 31, 2021.

Plaintiffs' counsel assured the outstanding discovery responses would be produced by the end of January 2021. Despite repeated inquiries from the Ingber defendants, plaintiffs did not produce the outstanding discovery responses.

The Ingber defendants moved for dismissal of plaintiffs' complaint without prejudice. In an April 18, 2021 order, the trial court granted the Ingber defendants' unopposed motion.

Plaintiffs did not move to vacate the dismissal without prejudice order or restore the amended complaint pursuant to Rule 4:23-5. Sixty days later, on June 18, 2021, the Ingber defendants moved to dismiss the amended complaint with prejudice pursuant to Rule 4:23-5(a)(2). The Ansell defendants joined the Ingber defendants' motion. Two days before the return date, plaintiffs' counsel served "fully responsive" interrogatory answers. Plaintiffs requested the court deny defendants' motion to dismiss.

On October 19, 2021, the court granted defendants' motion to dismiss the amended complaint with prejudice. The court cited Rule 4:23-5(a)(2), noting the absence of a certification from plaintiffs' counsel as required by Rule 4:23-

5(a)(1) and the absence of proof counsel served plaintiffs with an additional notification in the form prescribed by Appendix II-B.

We reversed the order and remanded the matter to the trial court to again consider the Ingber defendants' motion to dismiss the complaint with prejudice. Anello, slip op. at 2. Also, we stated if plaintiffs' counsel failed to either serve the April 18, 2021 dismissal order on plaintiffs or file and serve the affidavit required by Rule 4:23-5(a)(3), the court should "comply with the requirements of Rule . . . in its disposition of the Ingber defendants' motion." Id. at 10. We further directed plaintiffs' counsel to serve a copy of our decision by regular and certified mail on plaintiffs within seven days and a subsequent certification attesting to that service. Id. at 11. Plaintiffs' counsel did not serve a copy of our decision within seven days.

On May 15, 2024, plaintiffs' new counsel filed a substitution of attorney. On remand, the trial court directed the parties to file supplemental papers. On June 25, 2024, plaintiffs' counsel served more responsive answers to the Ingber defendants' interrogatories and notified defense counsel of his intention to file a certification in opposition to the motion to dismiss. In reply, defense counsel requested plaintiffs' counsel also file a certification with proofs as required by the Rule. Plaintiffs' counsel responded he would provide the certification

4

because prior counsel had not been in contact with plaintiffs for over two years and had ceased practicing law "some time ago."

Following the Ingber defendants' request for an adjournment of the oral argument return date scheduled for June 28, 2024; plaintiffs' counsel filed a supplemental certification dated June 27, 2024. He stated he did not receive the entire file from the previous counsel until approximately early June. Counsel attested he provided plaintiffs with the original order of dismissal and a copy of the pending motion in accordance with Appendix II-B. A copy of counsel's notices to plaintiffs were not part of the record before the trial court or on appeal.

On July 26, 2024, the court granted the Ingber defendants' motion to dismiss the amended complaint with prejudice. After considering the parties' submissions and the relevant law, the court noted plaintiff had neither moved to vacate the order dismissing the amended complaint without prejudice nor sought to reinstate the amended complaint. It also acknowledged the notice deficiency had been cured. Nevertheless, the court ultimately found plaintiffs had not complied with the two-step process required under Rule 4:23-5.

Plaintiffs moved for reconsideration of the dismissal order, arguing their substantial compliance with discovery directives should have been considered by the court before the dismissal order was entered. The court reiterated

A-0241-24

plaintiffs had not satisfied the requirements of the Rule. Accordingly, the trial court denied plaintiffs' motion for reconsideration on September 13, 2024.

On appeal, plaintiffs argue they provided responsive discovery and the trial court erred in dismissing their amended complaint on remand. They contend: (1) the dismissal order contravened our directive, (2) equitable principles mandate reinstatement of the amended complaint, (3) dismissal was inappropriate under the circumstances, and (4) the trial court disregarded our guidance regarding alternative sanctions.

"[T]he standard of review for dismissal of a complaint with prejudice for discovery misconduct is whether the trial court abused its discretion . . . ." Abtrax Pharms., Inc. v. Elkins-Sinn, Inc., 139 N.J. 499, 517 (1995); see also St. James AME Dev. Corp. v. City of Jersey City, 403 N.J. Super. 480, 484 (App. Div. 2008). A trial court's decision on a discovery matter is "entitled to substantial deference and will not be overturned absent an abuse of discretion." DiFiore v. Pezic, 254 N.J. 212, 228 (2023) (quoting State v. Stein, 225 N.J. 582, 593 (2016)). We defer to a trial court's discovery rulings absent "an abuse of discretion or a [court]'s misunderstanding or misapplication of the law." Cap. Health Sys., Inc. v. Horizon Healthcare Servs., Inc., 230 N.J. 73, 79-80 (2017).

A-0241-24

An abuse of discretion arises when a decision is "made without a rational explanation, inexplicably departed from the established policies, or rest[s] on an impermissible basis." Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. and Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)). "We will 'decline[] to interfere with [such] matter of discretion unless it appears that an injustice has been done.'" St. James, 403 N.J. Super. at 484 (alterations in original) (quoting Cooper v. Consol. Rail Corp., 391 N.J. Super. 17, 23 (App. Div. 2007)).

Under Rule 4:23-5, dismissal of a complaint is governed by a two-step process. First, the non-delinquent party may move for dismissal without prejudice for noncompliance with discovery obligations. R. 4:23-5(a)(1). Upon providing full and responsive discovery, the delinquent party may move to vacate the dismissal without prejudice "at any time before the entry of an order of dismissal . . . with prejudice." Ibid.

Then, if a delinquent party fails to cure its discovery delinquency, "the party entitled to the discovery may, after the expiration of [sixty] days from the date of the order, move on notice for an order of dismissal . . . with prejudice." R. 4:23-5(a)(2). The motion to dismiss with prejudice must be granted unless: (1) "a motion to vacate the previously entered order of dismissal . . . without

prejudice has been filed by the delinquent party" and (2) "either the demanded and fully responsive discovery has been provided or exceptional circumstances are demonstrated." Ibid.

Plaintiffs attempt to interpret the language from our decision to argue sanctions less than dismissal would be more appropriate. We reject that contention.

The record clearly demonstrates plaintiffs did not timely move to vacate the dismissal without prejudice order and reinstate their amended complaint before the entry of the July 16, 2024 order. Even though the notice deficiencies were remedied, the Rule clearly required plaintiffs to file the motion to vacate and cure the discovery deficiency. In short, plaintiffs did not comply with the Rule.

Accordingly, we conclude dismissal of plaintiffs' amended complaint with prejudice was appropriate. Considering the totality of the circumstances, the ultimate sanction imposed was neither unjust nor unreasonable. The trial court did not abuse its discretion, and we affirm the dismissal of plaintiffs' amended complaint with prejudice.

To the extent not addressed, plaintiffs' remaining contentions lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

A-0241-24

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-0241-24