**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0765-24

CRAIG MOTT,

      Plaintiff-Respondent,

v.

JANAEA SHEPHERD,

      Defendant-Appellant.

_____

> Argued November 6, 2025 – Decided February 4, 2026
>
> Before Judges Marczyck, Bishop-Thompson, and Puglisi.
>
> On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. LT-003103-21.
>
> Garrett Treer argued the cause for appellant (South Jersey Legal Services, Inc., attorneys; Garrett Treer, John Pendergast, and Kenneth Goldman, on the brief).
>
> Respondent has not filed a brief.

PER CURIAM

In this landlord-tenant matter, defendant Janaea Shepherd appeals from the October 31, 2024 order of the Law Division, Special Civil Part, denying her motion to seal the record of a Consent to Enter Judgment (Tenant Stays in Premises).  Defendant contends the trial court erred by relying exclusively on Rule 1:38-3(f)(11) without considering whether good cause existed under Rule 1:38-11(b) to seal the record in light of the injury and stigma associated with her eviction history.  We affirm.

We rely on the sparse record from defendant's motion to seal.  In her certification filed in support of her application, defendant stated she relied on financial assistance provided through the Section 8 Housing Choice Voucher Program managed by the Department of Community Affairs (DCA).[1]  She asserted plaintiff Craig Mott did not receive rent payments from September 2021 through January 2022 as a result of delays in the DCA's recertification of her voucher and other administrative issues.

---

[1] The Section 8 Housing Voucher Program is funded by the U.S. Department of Housing and Urban Development and assists in making safe and quality housing in the private rental market affordable to low- and very low-income households by reducing housing costs through direct rent subsidy payments to landlords. Section 8 Housing Choice Voucher, Dep't of Community Affairs, https://www.nj.gov/dca/dhcr/offices/section8hcv/ (last visited January 15, 2026).

A-0765-24

Plaintiff commenced a summary landlord-tenant action in December 2021, seeking defendant's eviction based on nonpayment of rent. The action was resolved in June 2022 by a consent judgment with defendant staying in the premises. The judgment states: "Tenant . . . **AGREE[D] TO THE IMMEDIATE ENTRY OF A JUDGMENT FOR POSSESSION**." Defendant satisfied the outstanding rent and subsequently vacated the apartment.

Defendant moved to vacate the judgment for possession, dismiss the action, and seal the court record. She admitted she entered into a consent judgment for possession without the benefit of counsel, but argued she did not understand the consequences arising from that judgment. Defendant, however, has not provided us with the transcript of the June 2022 proceedings to show her consent was not knowing and informed. Nevertheless, she contended she has experienced—and will likely continue to experience—"pronounced hardship" and discrimination in securing future housing. Defendant's application was further supported by the certification of a law professor detailing the impact of her eviction record, including denial of housing and the risk of homelessness, due to tenant "blacklisting."

The October 31, 2024 order vacated the judgment and dismissed the matter but denied her request to seal the record. The court explained Rule 1:38-

3(f)(11) did not permit sealing the record because a judgment of possession had been entered, and seven years had not elapsed since the entry of judgment.

A court's determination as to the applicability, or interpretation, of court rules is reviewed de novo. State v. Dickerson, 232 N.J. 2, 17 (2018). The trial court's interpretation of court rules is a legal issue and is subject to de novo review. State v. Anthony, 443 N.J. Super. 553, 564 (App. Div. 2016) (citation omitted); see also Wash. Commons, LLC v. City of Jersey City, 416 N.J. Super. 555, 560 (App. Div. 2010). "The approach taken in respect of the construction of court rules is the same as that for the construction of statutes." Anthony, 443 N.J. Super. at 564 (quoting State v. Clark, 191 N.J. 503, 508 (2007)). However, "[w]e accord no special deference to the trial court's legal conclusions." Birmingham v. Travelers N.J. Ins. Co., 475 N.J. Super. 246, 255 (App. Div. 2023).

We review the validity of a judgment of possession for abuse of discretion. Cmty. Realty Mgmt., Inc. v. Harris, 155 N.J. 212, 236 (1998). We likewise review orders denying motions to seal judicial records for abuse of discretion. Hammock by Hammock v. Hoffmann-LaRoche, Inc., 142 N.J. 356, 380 (1995). "A court abuses its discretion when its 'decision is "made without rational explanation, inexplicably departed from established policies, or rested on an

impermissible basis.'"" State v. Chavies, 247 N.J. 245, 257 (2021) (quoting State v. R.Y., 242 N.J. 48, 65 (2020)). The abuse of discretion standard requires us to "generously sustain [the trial court's] decision, provided it is supported by credible evidence in the record." Est. of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 384 (2010). Thus, "[w]e will 'decline[] to interfere with [such] matter of discretion unless it appears that an injustice has been done.'" St. James AME Dev. Corp. v. City of Jersey City, 403 N.J. Super. 480, 484 (App. Div. 2008) (alterations in original) (quoting Cooper v. Consol. Rail Corp., 391 N.J. Super. 17, 23 (App. Div. 2007)).

Defendant raises two arguments on appeal. She first argues the landlord-tenant record should be sealed under Rule 1:38-11 because it will likely cause her serious harm. She also asserts she had an "overwhelming" interest in privacy. Defendant next contends the trial court erred in denying her motion to seal under Rule 1:38-3(f)(11) because it should have weighed the evidence under Rule 1:38-11, which allows sealing upon a showing of "good cause"—that is, by balancing the need for public access to court records against the potential harm or injury that public disclosure may cause.

"The Court Rules establish a general rule in favor of open judicial proceedings, except upon a showing of good cause." In re T.I.C.-C., 470 N.J.

5

Super. 596, 607 (App. Div. 2022) (citing R. 1:2-1; R. 1:38-1; Hammock, 142 N.J. at 367-69, 375, 380-82). "Exceptions enumerated [in Rule 1:38-1] shall be narrowly construed in order to implement the policy of open access to records of the judiciary." Ibid. Rule 1:38-3(f)(11) sets forth two circumstances where landlord-tenant records may be sealed: (1) where no judgment of possession has been entered; and (2) where a judgment of possession was entered seven years ago or longer. Where the rules speak directly to the context presented, as here, the more specific provision governs. See State v. Gomes, 253 N.J. 6, 28-29 (2023).

We are unpersuaded by defendant's arguments. The consent judgment was entered pursuant to Rule 6:6-4 and constitutes "an agreement of the parties under the sanction of the court as to what the decision shall be." Cmty. Realty Mgmt., 155 N.J. at 226. Additionally, it contains the operative "recital that all parties have consented to both the entry and the form of the judgment." Id. at 228. Simply put, the judgment functioned both as a contract and as a judicial decree. Id. at 226.

We are satisfied the trial court properly considered and determined Rule 1:38-3(f)(11) was dispositive because it expressly limits a court's discretion in landlord-tenant actions where there has been a judgment of possession entered

within seven years, establishing an unequivocal bar. The <u>Rule</u> does not provide judicial discretion to seal the record based on equitable factors or compelling circumstances when the judgment is less than seven years old. Thus, even if compelling equities favor confidentiality, the court is constrained by the governing judicial rule and cannot order sealing under these circumstances.

Accordingly, our de novo review of the record affirms the trial court's ruling, which is supported by its findings of fact and conclusions of law. We discern no abuse of discretion. To the extent we have not addressed defendant's remaining arguments, we are satisfied they are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Hanley*

Clerk of the Appellate Division

7                                                                 A-0765-24