**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5693-16T4

HAN HONG,

    Plaintiff-Appellant,

v.

COMMUNITY TRANSPORTATION,
INC. and RANDY BREESE,

    Defendants-Respondents,

and

PAULA A. OLMEDO and
MARIBEL VELASCO,

    Defendants.

_____

Argued October 29, 2018 – Decided November 19, 2018

Before Judges Messano and Gooden Brown.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-2460-16.

David M. Wasserman argued the cause for appellant (Andrew Park, PC, attorneys; David M. Wasserman, on the brief).

Neal A. Thakkar argued the cause for respondents (Sweeney & Sheehan, PC, attorneys; Christopher J. O'Connell, of counsel; Neal A. Thakkar, on the brief).

PER CURIAM

Plaintiff Han Hong appeals from an August 4, 2017 Law Division order dismissing his complaint with prejudice in accordance with Rule 4:23-5(a)(2). We affirm.

By way of background, on March 18, 2016, plaintiff filed a personal injury complaint against defendants Community Transportation, Inc. and Randy Breese for injuries allegedly sustained in a motor vehicle accident. Defendants filed a contesting answer and cross claims against co-defendants Paula A. Olmedo and Maribel Velasco. On January 31, 2017, counsel for defendants Community Transportation and Randy Breese (collectively defendants), propounded interrogatories, specifically Form A and Supplemental Interrogatories, and a Notice to Produce upon plaintiff, which was served upon plaintiff's counsel. When plaintiff failed to respond within sixty days as prescribed by Rule 4:17-4(b), defense counsel sent a letter to plaintiff's counsel requesting the discovery answers within ten days. When plaintiff again failed to respond, defense counsel filed a motion to dismiss plaintiff's complaint without prejudice in accordance with Rule 4:23-5(a)(1). Plaintiff did not oppose

defendant's motion, which was granted on May 12, 2017. Defense counsel served the May 12, 2017 order on plaintiff's counsel on May 24, 2017.

Because plaintiff neither provided the outstanding discovery nor moved to reinstate his complaint, on July 17, 2017, defendants moved to dismiss the complaint with prejudice in accordance with Rule 4:23-5(a)(2). Two days later, on July 19, 2017, plaintiff moved to vacate the dismissal and reinstate his complaint. In a supporting certification, plaintiff's counsel certified that "on or around July 18, 2017," his office "served [d]efendant[s] with [p]laintiff's Answers to Form A Interrogatories, [p]laintiff's Response to Request for Admission, [p]laintiff's Response to Notice to Produce, [p]laintiff's Answers to Supplemental Interrogatories, along with HIPPA authorizations, and any and all medical records within [p]laintiff's possession to date." Thus, according to plaintiff's counsel, "at this time, there is no outstanding discovery."

In opposition to plaintiff's motion, defense counsel certified that plaintiff's "purported answers" were "completely unresponsive." Specifically, defense counsel certified that plaintiff "refused to provide even the most basic factual responses to over sixteen interrogatory questions." Further, in demonstrating how plaintiff's answers were "not remotely responsive to [the] discovery demands as propounded," defense counsel pointed out that to corroborate his

injuries, plaintiff "provide[d] only a copy of the police report, [a] report from Ridgefield Imaging Center . . . , [a] report from South Dean Orthopedics . . . and three invoices from medical providers." Plaintiff's counsel countered in a certification that "[d]uring the course of discovery," his office "had difficulty in obtaining medical records from [p]laintiff's treating facilities which delayed the service of [p]laintiff's [a]nswers to [i]nterrogatories." However, "after obtaining the medical records," his office "served [p]laintiff's certified [a]nswers to [i]nterrogatories, responses to Notice to Produce, and provided medical authorizations," along with filing "a motion to vacate [the] dismissal and reinstate."

On August 4, 2017, during oral argument on the motions, defense counsel specified that "plaintiff's social security number" was still outstanding "even though [it is] required under . . . the court rule [F]orm A [I]nterrogatories." Additionally, according to defense counsel, although plaintiff's insurance carrier was listed, there was "no [declaration] sheet, no claim number, [and] no policy number" provided. Also, defense counsel noted plaintiff's "medical bills" were not provided. As to the medical records, defense counsel stated that although plaintiff listed several medical providers and described a litany of injuries that "sounds like it[] [is] from [a] medical report," only "three medical records" were

4

provided. According to defense counsel, "[t]here[] [was] an indication that maybe [these medical reports] exist, but they did[] [not] provide [them] to us." Defense counsel also asserted that at least "eight" of the responses "in the [S]upplemental [I]nterrogatories" were "upon information and belief," and were thus non-responsive. In response, plaintiff's counsel acknowledged that the discovery was "incomplete," and that plaintiff had been uncooperative and difficult to contact. However, he argued that the "remedy for incomplete discovery . . . [was] for the discovery process to continue."

Following oral argument, the motion judge granted defendants' motion to dismiss the complaint with prejudice and denied plaintiff's motion to reinstate. The judge acknowledged that pursuant to Rule 4:23-5(a)(2), dismissal with prejudice is mandated "unless a motion to vacate the previously entered order of dismissal . . . without prejudice has been filed by the delinquent party and, either the demanded and fully responsive discovery has been provided or exceptional circumstances are demonstrated." The judge accepted defendants' representation that "they still [did] not have a full set of records supporting the plaintiff's claims, including and most prominently . . . plaintiff's social security number" as well as an "expert report . . . in light of all of the . . . injuries" plaintiff listed "in [q]uestion [n]umber [three]" of the interrogatories. As a result, the

judge determined that "fully responsive discovery ha[d] not been provided . . .

nor ha[d] any exceptional circumstances been demonstrated."

The judge explained:

> This complaint was filed on March 18, 2016. At the point in time that defendants filed their initial motion to dismiss on April 20, 2017[,] no discovery had been produced and hence the [c]ourt dismissed the complaint without prejudice on May 12[, 2017].
>
> Since then, since May 12 all the way through July[,] no discovery had been produced. And now what we have are incomplete answers, including a refusal to turn over the social security number to the defense as well as producing a very routine and expected document, namely, an expert report by the plaintiff.
>
> . . . .
>
> At this point after the dismissal without prejudice[,] plaintiff should have moved on his case. Candidly[,] plaintiff['s] attorney has described that his client has not been cooperative. He also represented . . . that the plaintiff has been noticed of these proceedings[,] including . . . defendant's attempt to dismiss the complaint with prejudice after the dismissal without prejudice was obtained.
>
> Still no social security number, still no expert report. Two fundamental elements of proof that plaintiff should turn over to the defense so they can properly investigate the case.
>
> . . . .

A-5693-16T4

> . . . [P]laintiff himself not being cooperative does not show exceptional circumstances. It merely shows his lack of interest in this litigation. . . . In any event, that[] [is] . . . plaintiff's own doing. I[] [am] not blaming plaintiff['s] attorney on this. . . . I[] [am] pointing the finger at plaintiff himself and what this motion record has . . . led the [c]ourt to conclude, that plaintiff has been uncooperative.

The judge entered a memorializing order and this appeal followed.

Plaintiff asserts that because "the outstanding discovery consisted of different discovery than the subject matter of the first-step order," the motion judge "abused her discretion in continuing to consider [defendants'] request to dismiss the action with prejudice." According to plaintiff, "the first- step order and the second-step order must regard the same discovery," and "[i]f there is a mismatch between the two dismissal orders, the dismissal with prejudice does not comply with [Rule] 4:23-5."

Our scope of review of a dismissal of a complaint with prejudice for failure to provide discovery is limited to whether the trial court abused its discretion. Abtrax Pharm., Inc. v. Elkins-Sinn, Inc., 139 N.J. 499, 517 (1995). We will decline to interfere with the exercise of that discretion unless we view an injustice has been done. St. James AME Dev. Corp. v. City of Jersey City, 403 N.J. Super. 480, 484 (App. Div. 2008) (quoting Cooper v. Consol. Rail Corp., 391 N.J. Super. 17, 23 (App. Div. 2007)).

7

"The dismissal of a party's cause of action, with prejudice, is drastic and is generally not to be invoked except in those cases in which the order for discovery goes to the very foundation of the cause of action, or where the refusal to comply is deliberate and contumacious." Abtrax, 139 N.J. at 514 (quoting Lang v. Morgan's Home Equip. Corp., 6 N.J. 333, 339 (1951)). "Since dismissal with prejudice is the ultimate sanction, it will normally be ordered only when no lesser sanction will suffice to erase the prejudice suffered by the non-delinquent party, or when the litigant rather than the attorney was at fault." Ibid. (quoting Zaccardi v. Becker, 88 N.J. 245, 253 (1982)).

The well-settled purpose of Rule 4:23-5 is to elicit outstanding discovery "rather than to punish the offender by the loss of his cause of action . . . ." Zimmerman v. United Servs. Auto. Ass'n, 260 N.J. Super. 368, 374 (App. Div. 1992). To that end, to succeed on a motion to dismiss with prejudice under Rule 4:23-5 for failure to provide discovery, the moving party must strictly comply with the requirements of the rule, id. at 373, which "involves a two-step process." Sullivan v. Coverings & Installation, Inc., 403 N.J. Super. 86, 93 (App. Div. 2008).

"First, the aggrieved party may move for dismissal for non-compliance with discovery obligations" under paragraph (a)(1) of the rule, and "if the motion

is granted, the complaint is dismissed without prejudice." <u>Ibid.</u> <u>Rule</u> 4:23-5(a)(1) dismissals expressly apply to non-compliance with discovery pursuant to <u>Rule</u> 4:17, pertaining to interrogatories, <u>Rule</u> 4:18, pertaining to demands for documents, and <u>Rule</u> 4:19, pertaining to demands for medical examinations.

Next,

> [i]f an order of dismissal . . . without prejudice has been entered pursuant to paragraph (a)(1) of this rule and not thereafter vacated, the party entitled to the discovery may, after the expiration of [sixty] days from the date of the order, move on notice for an order of dismissal . . . with prejudice. . . . The motion to dismiss . . . with prejudice shall be granted unless a motion to vacate the previously entered order of dismissal . . . without prejudice has been filed by the delinquent party and either the demanded and fully responsive discovery has been provided or exceptional circumstances are demonstrated.
>
> [<u>R.</u> 4:23-5(a)(2).]

The rule imposes a duty on the motion judge "to take action to obtain compliance with the requirements of the rule." <u>A & M Farm & Garden Ctr. v. Am. Sprinkler Mech. L.L.C.</u>, 423 N.J. Super. 528, 532 (App. Div. 2012).

Here, the record clearly shows the motion judge adhered to the procedural safeguards established in <u>Rule</u> 4:23-5. Thus, we are satisfied the judge did not abuse her discretion by dismissing the complaint with prejudice based on plaintiff's failure to provide "fully responsive discovery" or demonstrate

"exceptional circumstances." We reject plaintiff's assertion that there was a mismatch between the discovery requested in step one and step two. Plaintiff simply selectively responded to duly served discovery demands and failed to cure the discovery deficiencies in a timely fashion. Under these circumstances, delay, neglect, and lack of interest on the part of plaintiff coupled with the failure to produce the requested discovery justify the dismissal with prejudice under Rule 4:23-5(a)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5693-16T4