959 A.2d 274 (2008)
403 N.J. Super. 480
ST. JAMES AME DEVELOPMENT CORPORATION, Plaintiff-Appellant,
v.
CITY OF JERSEY CITY, Defendant-Respondent.
No. A-1029-07T3
Superior Court of New Jersey, Appellate Division.
Argued October 8, 2008.
Decided November 13, 2008.
*275 Gregory R. Preston, New York City, argued the cause for appellant (Preston, Wilkins & Martin, LLC, attorneys; Mr. Preston, on the brief).
Judith D. O'Donnell, Assistant Corporation Counsel, argued the cause for respondent (William C. Matsikoudis, Corporation Counsel, attorney; Ms. O'Donnell, on the brief).
Before Judges STERN, A.A. RODRÍGUEZ and WAUGH.[1]
The opinion of the court was delivered by
RODRÍGUEZ, A.A., P.J.A.D.
St. James AME Development Corporation (St. James) sued the City of Jersey City (City) on a breach of contract cause of action. The City answered, denying the allegations, and seeking discovery. The City served a notice to produce documents, demand for admissions and interrogatories. This case was assigned to track four, which allows 450 days for discovery. The end date for discovery was May 3, 2007.
The answers to interrogatories were due from St. James no later than February 22, 2007. St. James did not comply. Pursuant to Rule 4:23-5(a)(1), the City moved to dismiss the complaint without prejudice for St. James' failure to answer interrogatories or provide discovery. St. James did not oppose the motion. Therefore, the motion was granted. The judge entered an order on April 13, 2007, dismissing the complaint without prejudice for failure to answer interrogatories or provide discovery. However, contrary to its terms, a copy of the order was never served upon St. James.
Whenever 60 days had passed and there was still no compliance with the City's discovery request, the City moved to dismiss the complaint with prejudice, pursuant to Rule 4:23-5(a)(2). Before the return date, St. James provided the City *276 with discovery, and St. James's counsel certified that all of the City's discovery demands had been satisfied. St. James cross-moved for restoration of the complaint.
Despite the posture of the discovery issue, because the discovery was not provided within 60 days of the order dismissing without prejudice, the judge dismissed the complaint with prejudice and denied St. James's application to reinstate the complaint.
On appeal, St. James contends that the motion to dismiss with prejudice should have been denied because: (1) the City did not comply with the terms of the April 13, 2007 order that a copy be served upon St. James; and (2) fully responsive answers had been provided and a motion to restore was pending. We agree with both contentions and reverse, concluding that the failure to serve the April 13, 2007 order, and the fact that discovery had been provided, precluded the entry of a dismissal with prejudice.
As for the failure to serve the April 13, 2007 order, we find this failure defeats the subsequent motion to dismiss with prejudice. Rule 1:5-1(a) provides that "[t]he party obtaining an order or judgment shall serve it as herein prescribed within 7 days after the date it was signed unless the court otherwise orders therein." The April 13, 2007 order here similarly required a copy to be served upon all parties within seven days of its signing. "The purpose of a notice requirement is to apprise a party of some fact that he or she has a right to know and that the communicating party has a duty to communicate." America's Pride Constr. v. Farry, 175 N.J. 60, 63-64, 811 A.2d 906 (2002).
Here, the failure to serve the April 13, 2007 order deprived St. James of knowing that its complaint had been dismissed without prejudice and, more importantly, that it was facing a dismissal with prejudice. Furthermore, we have held that Rule 1:5-1, as a rule of general applicability, is a mandatory requirement. Farrell v. TCI, 378 N.J.Super. 341, 354, 875 A.2d 1017 (App.Div.2005).
As for the order dismissing with prejudice, it is a tenet of our jurisdiction that resolution of disputes on the merits are to be encouraged rather than resolution by default for failure to comply with procedural requirements. The Trust Co. of N.J. v. Sliwinski, 350 N.J.Super. 187, 192, 794 A.2d 843 (App.Div.2002) (citing Aujero v. Cirelli, 110 N.J. 566, 573-74, 542 A.2d 465 (1988)). Rule 4:23-5 advances this goal, while affording an aggrieved party a remedy to compel production of the outstanding discovery and the right to seek final resolution through a dismissal process. Sullivan v. Coverings & Installation, Inc., 403 N.J.Super. 86, 96-97, 957 A.2d 216 (App.Div.2008).
Whether to grant or deny a motion to reinstate a complaint lies within the sound discretion of the trial court. Sullivan, supra, 403 N.J.Super. at 93, 957 A.2d 216; Cooper v. Consol. Rail Corp., 391 N.J.Super. 17, 22-23, 916 A.2d 1061 (App. Div.2007) (citing Comeford v. Flagship Furniture Clearance Ctr., 198 N.J.Super. 514, 517, 487 A.2d 1257 (App.Div.1983), certif. denied, 97 N.J. 581, 483 A.2d 126 (1984)). We will "decline[ ] to interfere with [such] matter of discretion unless it appears that an injustice has been done." Cooper, supra, 391 N.J.Super. at 23, 916 A.2d 1061 (quoting Comeford, supra, 198 N.J.Super. at 517, 487 A.2d 1257). Pursuant to Rule 4:23-5, there is a two-step process for dismissing a complaint for failure to answer interrogatories. First, the aggrieved party may move for dismissal for non-compliance with discovery obligations. If the motion is granted, the *277 complaint is dismissed without prejudice. R. 4:23-5(a)(1); Sullivan, supra, 403 N.J.Super. at 93, 957 A.2d 216. Then, "if the delinquent party does not cure the discovery delinquency, `the party entitled to the discovery may, after the expiration of 60 days date of the order, move on notice for an order of dismissal ... with prejudice.'" Sullivan, supra, 403 N.J.Super. at 93, 957 A.2d 216 (quoting R. 4:23-5(a)(2)). "[T]he rule expressly provides that restoration of the complaint may occur at any time prior to dismissal of the complaint with prejudice, provided the delinquent party has cured the delinquency and paid the requisite reinstatement fee, as well as `sanctions or counsel fees and costs, or both,' that the court may order as a condition of reinstatement." Id. at 94, 957 A.2d 216 (quoting R. 4:23-5(a)(3)). Accordingly, the production of fully responsive answers by the time of the return date, even without exceptional circumstances, precludes dismissing the complaint with prejudice. Adedoyin v. Arc of Morris County Chapter, Inc., 325 N.J.Super. 173, 183, 738 A.2d 374 (App.Div.1999). See Pressler, Current N.J. Court Rules, comment 1.3 on R. 4:23-5(a)(2) (2009). The purpose behind this rule is to eliminate the conduct of some attorneys for the moving party, who refuse to accept answers to interrogatories served after the motion has been made or to inform the court that such answers have been received. Pressler, Current N.J. Court Rules, comment 1.3 on R. 4:23-5(a)(2) (2009).
Moreover, Rule 4:23-5(a)(2) provides that, "[t]he motion to dismiss [the complaint] or suppress [the answer] with prejudice shall be granted unless a motion to vacate the previously entered order of dismissal or suppression without prejudice has been filed by the delinquent party and either the demanded and fully responsive discovery has been provided or exceptional circumstances are demonstrated." R. 4:23-5(a)(2) (emphasis added). We find persuasive the Law Division opinion in Sprankle v. Adamar of N.J., Inc., 388 N.J.Super. 216, 220-21, 906 A.2d 1140 (Law Div.2005), holding that a plaintiff's motion to reinstate when counsel had provided fully responsive discovery just four days prior to the hearing date on the motion to dismiss with prejudice should be granted. Moreover, the discovery, which was provided after the discovery end-date, should not be suppressed.
Conversely, we have affirmed a dismissal with prejudice where plaintiff did not provide the requested discovery between the order of dismissal without prejudice and the time of hearing the motion to dismiss with prejudice and further where there were no "exceptional circumstances." Cooper, supra, 391 N.J.Super. at 22-23, 916 A.2d 1061. In Cooper, the court noted that "[u]nquestionably, plaintiffs provided none of the discovery that was previously demanded. Thus, unless plaintiffs demonstrated `exceptional circumstances,' Rule 4:23-5(a)(2) required the court to grant defendant's motion for dismissal with prejudice." Id. at 23, 916 A.2d 1061. We held that the judge did not abuse her discretion when granting the motion to dismiss with prejudice because discovery had not been provided by the time of the hearing nor were "exceptional circumstances" found. Id. at 24, 916 A.2d 1061.
The City's counsel asserts that she could not determine whether the production of documents was responsive to the request because St. James sent a large box of documents in no seeming order or Bates stamping.[2] We reject this argument as a basis for denying the motion to restore or granting the dismissal with prejudice.
*278 We have held that whenever there is either a bona fide dispute over responsiveness or insufficiency of interrogatory answers, the judge should first identify those questions which need to be answered more specifically. Adedoyin, supra, 325 N.J.Super. at 182, 738 A.2d 374. The parties' subsequent actions will therefore be informed by a judicial determination and not the subjective view of either party. Ibid. If the judge decides that it is unnecessary to compel more specific answers to interrogatories or production of documents, the motion to restore should be granted. Ibid. In the opposite case, the judge should adjourn the motion and compel compliance within a reasonable period of time. If there is no compliance, the judge should grant the motion to dismiss with prejudice.
We are mindful that "a motion for vacating a dismissal ... should be granted sparingly and is addressed to the sound discretion of the trial court, whose determination will not be disturbed unless it results from a clear abuse of discretion." State v. 1987 Chevrolet Camaro, 307 N.J.Super. 34, 45, 704 A.2d 90 (App.Div.), certif. denied, 153 N.J. 214, 708 A.2d 65 (1998). See e.g., Hodgson v. Applegate, 31 N.J. 29, 37, 155 A.2d 97 (1959); Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283-84, 639 A.2d 286 (1994). However, here we conclude that the granting of the City's motion to dismiss with prejudice resulted in a misapplication of discretion.
Reversed.
NOTES
[1] Judge Waugh did not participate in oral argument. With the consent of counsel, he has joined this opinion.
[2] Bates stamping (also known as Bates numbering or coding) is commonly used as an organizational method to label and identify legal documents. A hand machine (originally manufactured by the Bates Co.) stamps a number on a page and then automatically stamps the next consecutive number on the next page. 42 New Jersey Practice, Discovery § 3.22 at 176 (S. Robert Allcorn) (rev. 2d ed. 2006).