**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4802-16T2

PERFECTO C. ESTEBAN,

    Plaintiff-Appellant,

v.

MEGAN K. KOTZEN,

    Defendant-Respondent.

_____

          Submitted September 25, 2018 – Decided November 14, 2018

          Before Judges Yannotti and Rothstadt.

          On appeal from Superior Court of New Jersey, Law Division, Camden County, Docket No. L-3857-15.

          Glen L. Schemanski, attorney for appellant.

          Green, Lundgren & Ryan, PC, attorneys for respondent (Francis X. Ryan, of counsel and on the brief).

PER CURIAM

    In this personal injury action, plaintiff Perfecto C. Esteban appeals from the Law Division's April 13, 2017 order dismissing his complaint with prejudice

under Rule 4:23-5(a)(2), and its May 26, 2017 order denying his motion for reconsideration seeking to reinstate his complaint under Rule 4:50-1.[1]  On appeal, plaintiff argues that the trial court failed to acknowledge that he established "extraordinary circumstances," warranting a reconsideration of the dismissal and the reinstatement of his complaint.  We disagree and affirm.

Plaintiff filed his complaint on October 9, 2015, seeking damages for injuries he sustained in an auto accident almost two years earlier.  Defendant filed an answer on July 8, 2016, that included a demand for answers to interrogatories and she served a separate request for additional discovery.  When plaintiff failed to respond to the discovery demands, on November 3, 2016, defendant filed a motion to dismiss without prejudice under Rule 4:23-5(a)(1).  According to defense counsel's accompanying certification, prior to filing the motion, she sent letters to plaintiff's counsel requesting that the discovery responses be provided but never received any responses.  When plaintiff also

---

[1]  Although plaintiff's notice of appeal only identifies the later order, his case information statement identifies both orders.  For that reason, we consider both orders properly before us.  See Silviera-Francisco v. Bd. of Educ. of City of Elizabeth, 224 N.J. 126, 142 (2016) (stating an order "clearly identified [in a] Case Information Statement submitted with [a] notice of appeal" is deemed properly before the court for review).

did not respond to the motion, the court dismissed his complaint without prejudice on December 7, 2016.

Despite the entry of the dismissal order, plaintiff still did not provide the outstanding discovery. Therefore, on March 20, 2017, defendant filed a motion to dismiss with prejudice under Rule 4:23-5(a)(2). In defense counsel's supporting certification, she stated that plaintiff had still not responded to defendant's discovery demands. Plaintiff again did not file any written opposition but, at the April 13, 2017 motion hearing, plaintiff's counsel explained that the delays in discovery were due to plaintiff having been ill. Counsel did not provide any certification from plaintiff or from plaintiff's physician attesting to the facts presented to the court. In its oral decision, the court found that plaintiff had provided only uncertified partial responses to some of defendant's discovery demands and never filed a motion to vacate the dismissal. The court entered an order dismissing the complaint with prejudice on the same date.

Plaintiff filed his motion for reconsideration seeking reinstatement under Rule 4:50-1, supported by his and counsel's certifications, giving reasons for the delay in providing discovery. In his certification, plaintiff stated that since the 2013 accident he had "not been able to attend to normal affairs and activities[,

A-3313-16T1

he m]ost recently had been hospitalized for pneumonia," and he was busy taking care of a sick friend who experienced "a catastrophic medical injury." Plaintiff did not provide any medical information confirming his inability to participate in the preparation of the responses to defendant's discovery requests. Plaintiff's attorney repeated plaintiff's explanation for not responding to discovery requests and described the status of the outstanding discovery. He confirmed that most, if not all of it, had still not been served on defense counsel.

On May 21, 2017, defense counsel wrote to the court in opposition, advising that some but not all of the discovery had been provided. She informed the court that plaintiff had still not supplied answers to supplemental interrogatories, a response to her notice to produce, or signed medical authorizations that had been requested. These items were the same items identified as outstanding in the court's December 2016 dismissal order.

On May 26, 2017, the court denied plaintiff's motion. In an oral decision, the court reviewed the record of the earlier motion considered on April 13, 2017, and noted that plaintiff still remained in default of responding to defendant's discovery demands. The court concluded that the April 13, 2017 order "was not based on a palpably incorrect basis and [the court] did not fail to consider probative evidence." This appeal followed.

A-3313-16T1

On appeal, plaintiff argues that he established he was entitled to relief under Rule 4:50-1 from the April 13 dismissal with prejudice because he demonstrated extraordinary circumstances that justifiably prevented him from participating in the present action. According to plaintiff, he suffered "various illnesses," including remaining effects of the automobile accident, as well as needing to attend to a sick friend. We disagree.

We review both of the trial court's determinations in this matter for an abuse of discretion. "A motion for reconsideration . . . is a matter left to the trial court's sound discretion." Lee v. Brown, 232 N.J. 114, 126 (2018) (quoting Guido v. Duane Morris LLP, 202 N.J. 79, 87 (2010)); see also Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). Similarly, "whether to grant or deny a motion to reinstate a complaint [also] lies within the sound discretion of the trial court" which may not be overturned unless it results from a clear abuse of discretion. St. James AME Dev. Corp. v. City of Jersey City, 403 N.J. Super. 480, 484, 487 (App. Div. 2008).

We turn first to the trial court's denial of plaintiff's motion for reconsideration. A party may move for reconsideration of a court's decision pursuant to Rule 4:49-2, on the grounds that (1) the court based its decision on "a palpably incorrect or irrational basis," (2) the court either failed to consider

5

or "appreciate the significance of probative, competent evidence," or (3) the moving party is presenting "new or additional information . . . which it could not have provided on the first application." Cummings, 295 N.J. Super. at 384 (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990)). The moving party must "initially demonstrate that the [c]ourt acted in an arbitrary, capricious, or unreasonable manner, before the [c]ourt should engage in the actual reconsideration process." D'Atria, 242 N.J. Super. at 401.

A motion for reconsideration is not an opportunity to "expand the record and reargue a motion. [It] is designed to seek review of an order based on the evidence before the court on the initial motion, . . . not to serve as a vehicle to introduce new evidence in order to cure an inadequacy[.]" Capital Fin. Co. of Del. Valley v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008).

Applying these guiding principles, we conclude the trial court properly denied plaintiff's motion for reconsideration. The information plaintiff brought before the court was not presented in opposition to defendant's motion that led to the dismissal of his complaint with prejudice. Although he could have filed opposition at the earlier motion, he chose not to do so without any explanation. Under these circumstances, the trial court correctly denied plaintiff's motion for reconsideration.

Even if the trial court mistakenly exercised its discretion by denying reconsideration, we also conclude that plaintiff failed to establish that the trial court abused its discretion by dismissing his complaint with prejudice, see Abtrax Pharm. v. Elkins-Sinn, Inc., 139 N.J. 499, 517 (1995), or refusing to vacate the order under Rule 4:50-1. See US Bank Nat. Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). Contrary to plaintiff's argument, there was no demonstration of "the extraordinary circumstances" plaintiff claims he established under Rule 4:50-1, see Hous. Auth. of Morristown v. Little, 135 N.J. 274, 286 (1994) ("relief under Rule 4:50-1(f) is available only when 'truly exceptional circumstances are present.'") (quoting Baumann v. Marinaro, 95 N.J. 380, 395, (1984)), or even the "exceptional circumstances" provided under Rule 4:23-5(a)(2) that would have warranted denying defendant's motion for dismissal with prejudice.

Significantly, dismissal here could have been avoided without a showing of either "exceptional" or "extraordinary" circumstances if plaintiff served the outstanding discovery at any time prior to dismissal. "[T]he production of fully responsive answers by the time of the return date, even without exceptional circumstances, precludes dismissing the complaint with prejudice." St. James AME Dev. Corp., 403 N.J. Super. at 485.

Here, plaintiff's claim that he was too ill to respond to discovery was not supported by any medical information such as medical records or doctor's reports that would have established his inability to participate in this litigation. Further, he did not provide a date as to when he became so ill that he could not respond to the discovery. Also, his claim of disability was belied by his own assertion that he was busy being a caretaker for a friend and by his ability to file an opposing certification within weeks of the April 13 order. Finally, at no time did plaintiff certify that he had provided all of the outstanding discovery. Under these circumstances, we decline to interfere with the exercise of the court's discretion as we find that no injustice has been done. See Id. at 484.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION