**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4050-17T3

YOLANDA AYALA-BARRETO,

    Plaintiff-Appellant,

v.

KIMBERLY BARRETO and
GERMAN L. GONZALEZ,

    Defendants-Respondents.

_____

Argued January 16, 2019 – Decided April 12, 2019

Before Judges Alvarez and Nugent.

On appeal from Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-3636-16.

Michael K. Fielo argued the cause for appellant.

Laura M. Gifford argued the cause for respondent Kimberly Barreto (Law Offices of Styliades and Jackson, attorneys; Roma M. Patel, on the brief).

Richard J. Giannone argued the cause for respondent German L. Gonzalez (Cooper Maren Nitsberg Voss & DeCoursey, attorneys; Richard J. Giannone, of counsel and on the brief).

PER CURIAM

Plaintiff Yolanda Ayala-Barreto appeals from two orders dismissing her personal injury complaint with prejudice for failure to make discovery. The judge dismissed as to defendant German L. Gonzalez on December 4, 2017, and as to Kimberly Barreto on April 17, 2018. Ayala-Barreto also appeals from a separate April 17, 2018 order, which denied her application for reconsideration. Ayala-Barreto sought damages from personal injuries sustained in an automobile accident. We now reverse.

Our decision should not be construed as rewarding dilatory participation in the discovery process. Had Ayala-Barreto's counsel responded to discovery requests in a timely manner, conscientiously monitored the e-filing system in which earlier motions for dismissal without prejudice had been filed and granted unopposed, or responded to courtesy notifications by his adversaries, this appeal would be unnecessary. Counsel states that his failure to file written opposition to Barreto's motion to dismiss with prejudice resulted from being informed by chambers that a judge was unavailable due to illness, the motion would not be heard until the judge's return, and he was "instructed to await the outcome of the pending motion for reconsideration . . . ." This puzzling explanation was not, from our review of the record, presented to the Law Division judge who heard

the motions—and if not, its inclusion in Ayala-Barreto's appellate brief was improper.[1]   The practice of law is guided by relevant precedent, rules, and legislative enactments—not conversations with court staff.   The delay occasioned by these missteps has been substantial—the automobile accident at issue took place on July 3, 2015, nearly four years ago.

Defendants strenuously argue on appeal that the judge did not abuse his discretion in dismissing the complaint with prejudice because of Ayala-Barreto's failures to comply with discovery and related procedural rules.  In their view, the ultimate sanction of dismissal with prejudice is warranted because of these oversights.

None of the briefs mention the fact Rule 4:23-5 "codified a two-step procedural paradigm that must be strictly adhered to before the sanction of dismissal of a complaint with prejudice for failing to answer interrogatories or provide other discovery can be imposed."  Thabo v. Z Transp., 452 N.J. Super. 359, 369 (App. Div. 2017) (citing St. James AME Dev. Corp. v. City of Jersey City, 403 N.J. Super. 480, 484 (App. Div. 2008)).  The burden falls upon the motion judge to take steps to attempt to compel counsel to comply with the requirements of the rule.  Ibid.

---

[1]  Additionally, we see no certification to that effect in the appendix.

A-4050-17T3

There can be no doubt that defendants were entitled to make the applications they filed.  However, Rule 4:23-5(a)(2) states:

> [t]he attorney for the delinquent party shall, not later than [seven] days prior to the return date of the motion, file and serve an affidavit reciting that the client was previously served as required by subparagraph (a)(1) and has been served with additional notification, in the form prescribed by Appendix II-B, of the pendency of the motion to dismiss or suppress with prejudice.  In lieu thereof, the attorney for the delinquent party may certify that despite diligent inquiry, which shall be detailed in the affidavit, the client's whereabouts have not been able to be determined and such service on the client was therefore not made. . . .  Appearance on the return date of the motion shall be mandatory for the attorney for the delinquent party. . . .  The motion to dismiss or suppress with prejudice shall be granted unless a motion to vacate the previously entered order of dismissal or suppression without prejudice has been filed by the delinquent party and either the demanded and fully responsive discovery has been provided or exceptional circumstances are demonstrated.

The rule further provides:

> [i]f the attorney for the delinquent party fails to timely serve the client with the original order of dismissal or suppression without prejudice, fails to file and serve the affidavit and the notifications required by this rule, or fails to appear on the return date of the motion to dismiss or suppress with prejudice, the court shall, unless exceptional circumstances are demonstrated, proceed by order to show cause or take such other appropriate action as may be necessary to obtain compliance with the requirements of this rule.

[Rule 4:23-5(a)(3) (emphasis added).]

In other words, the court must ensure counsel informs his or her client of the likelihood that pleadings are about to be dismissed with prejudice. Yet the motions to dismiss with prejudice were both decided on the papers, in the absence of any oral argument or appearance by Ayala-Barreto's counsel, or the filing of any documentation, as specified in Rule 4:23-5(a)(3), verifying that the client was notified of the pending proceedings.

The rule's procedural safeguards are designed to "ensure that the defaulting litigant is aware that the order of dismissal or suppression without prejudice has been entered and of its consequences." Thabo, 452 N.J. Super. at 371 (citing Pressler & Verniero, Current N.J. Court Rules, cmt. 1.2 on R. 4:23-5 (2017)). The "[d]iscovery rules are intended to create a level playing field for all litigants and promote the resolution of civil dispute[s] on the merits. Judges are entrusted to ensure that these rules are properly and fairly enforced." Ibid.

Since these steps were not followed, we vacate the dismissals and reinstate the complaint. Ayala-Barreto's counsel contends discovery and the appropriate authorizations have now been provided. We therefore remand the matter to the Law Division for a case management conference to be conducted at which a new

discovery end date, if necessary, is to be fixed, and a schedule created for dispositive motions and trial.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION