**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1348-18T1

MAURICE OPARAJI,

    Plaintiff-Appellant,

v.

INNOVATE 1 SERVICES, INC.,
d/b/a ONLINE INTEGRAL
SOLUTIONS, INC.,

    Defendant-Respondent.

_____

Submitted November 19, 2019 – Decided December 3, 2019

Before Judges Fisher and Accurso.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-6600-17.

Maurice Oparaji, appellant pro se.

John C. Uyamadu attorney for respondent.

PER CURIAM

Plaintiff Maurice Oparaji filed a complaint in the trial court against defendant Innovate 1 Services, Inc. in September 2017. After the filing and

disposition of a few motions not relevant here, defendant removed the action to the United States District Court for the District of New Jersey. That filing divested our courts of jurisdiction.

On August 2, 2018, a federal magistrate judge issued a report and recommendation, which expressed a view that the action should be remanded to our trial court. Two weeks later, plaintiff filed the report and recommendation with the clerk of the superior court. Both parties thereafter filed discovery-related motions in the trial court. After a discovery motion was denied, plaintiff also sought from us leave to appeal; we denied that application. Defendant then moved for a dismissal of the complaint without prejudice, claiming plaintiff had failed to provide requested discovery. The trial court granted that motion on November 9, 2018.

On November 16, 2018, the district judge acted on the magistrate judge's August 2018 recommendation and entered an order remanding the matter to our trial court. On April 12, 2019, the trial court granted defendant's motion to dismiss plaintiff's complaint with prejudice pursuant to Rule 4:23-5(a)(2).

Plaintiff appeals, arguing, among other things, that the trial court lacked jurisdiction to enter orders after the removal of the action to federal court and prior to the November 16, 2018 remand order. We agree. Although both parties

– by filing motions after removal but prior to remand – exhibited a desire to proceed as if an actual order of remand was unnecessary, we cannot overlook the fact that the trial court lacked jurisdiction to do anything until the district court's actual entry of a remand order. 28 U.S.C. § 1446(d) (declaring that once the state court is given notice of the removal, "the State court shall proceed no further unless and until the case is remanded").

As we have observed, a federal magistrate judge recommended and reported to the district judge that in his considered opinion the matter should be remanded. That report and recommendation, however, only initiated additional proceedings in federal court that wouldn't end until the district judge "accept[ed], reject[ed], or modif[ied] the recommended disposition." Fed. R. Civ. P. 72(b)(3). In short, until the district judge entered an order remanding the matter, jurisdiction remained in the district court. See United States v. Raddatz, 447 U.S. 667, 673 (1980). That essential step did not occur until November 16, 2018.

We are mindful that the order of dismissal with prejudice was entered after our courts reacquired jurisdiction. But, a dismissal with prejudice resulting from a discovery defalcation is the second of a two-step process. Thabo v. Z Transp., 452 N.J. Super. 359, 369 (App. Div. 2017). As we explained in St. James AME

Dev. Corp. v. City of Jersey City, 403 N.J. Super. 480, 484-85 (App. Div. 2008), and as the rules make clear, a party aggrieved by another party's failure to provide discovery must first move for dismissal without prejudice. R. 4:23-5(a)(1). If the delinquency is not cured, the aggrieved party may, after the expiration of sixty days from the date of the prior order, move for dismissal with prejudice. R. 4:23-5(a)(2).

Defendant initiated step one, and the order dismissing the complaint without prejudice was entered, before the case was remanded. That order was null and void. And, while the order dismissing the complaint with prejudice was entered after the remand, it cannot stand alone. Because the trial court was without jurisdiction to enter the first order, the second order lacked the necessary predicate, without which it cannot be sustained.

We must conclude that all the orders entered by the trial court after the action was removed but prior to the November 16, 2018 remand order were precipitous and must be vacated because the trial court lacked jurisdiction. The later April 12, 2019 order that dismissed the action with prejudice is reversed because – while the court had reacquired jurisdiction – it lacked the necessary foundation for the entry of that order.

A-1348-18T1

Reversed and remanded for further proceedings in conformity with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1348-18T1