**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1517-19

A.D., an infant under the age
of 18 years, by her mother and
natural guardian, ALEXA
RIVERA, D.D., an infant under
the age of 14 years, by his
mother ALEXA RIVERA, and
ALEXA RIVERA, individually,

     Plaintiffs-Appellants,

v.

DONALD R. AYUSA and
CAMPBELL'S AUTO EXPRESS,

     Defendants-Respondents.

_____

Submitted January 13, 2021 – Decided June 17, 2021

Before Judges Accurso and Enright.

On appeal from the Superior Court of New Jersey, Law
Division, Camden County, Docket No. L-4688-18.

Sacco & Fillas, LLP, attorneys for appellants (James R.
Baez, on the briefs).

Margolis Edelstein, attorneys for respondents (Robert M. Kaplan and Lawrence J. Bunis, on the brief).

PER CURIAM

Plaintiff Alexa Rivera, for herself and on behalf of her children A.D. and D.D., appeals from an order dismissing her complaint against defendant Donald R. Ayusa and Campbell's Auto Express with prejudice pursuant to Rule 4:23-5(a)(2) for failure to provide discovery. Because we conclude the trial court mistakenly exercised its discretion in dismissing the complaint with prejudice, we reverse.

This case arose out of an accident on the Turnpike in 2018 when plaintiff's disabled car was struck by a Mack truck driven by defendant Ayusa and owned by defendant Campbell's. Plaintiff's two children were in the back seat of her car. All suffered injuries. Plaintiff's complaint was dismissed without prejudice in August 2019 under Rule 4:23-5(a)(1) when she failed to provide discovery.

When no motion to restore was filed within sixty days, defendants moved for dismissal with prejudice under Rule 4:23-5(a)(2). Plaintiff, represented by counsel, opposed the motion and filed a cross-motion to reinstate the complaint with responses to the overdue discovery. Defendants opposed the motion claiming the responses provided were "woefully inadequate" and plaintiff had

yet to respond to the supplemental interrogatories.[1]  Without conducting oral argument, resolving the dispute over the adequacy of the answers and whether answers to the supplemental interrogatories had been provided, or ensuring that plaintiff's counsel had served the original order of dismissal without prejudice on plaintiff, along with the notices prescribed by Appendix II-A and -B of the Rules, the court dismissed the case with prejudice on the return date outside the presence of counsel.[2]

We note at the outset that we do not approve of or condone the desultory pace at which plaintiff's counsel prosecuted this matter and responded to legitimate discovery demands.  Nevertheless, "[i]t is well-established that the

---

[1]  In his certification in support of the cross-motion to reinstate, plaintiff's counsel averred that responses to the supplemental interrogatories had been provided, putting the matter in dispute.  In her reply brief on appeal, plaintiff argues there was no proof the supplemental interrogatories were ever served. The resolution of the parties' dispute over the supplemental interrogatories is not essential here because the failure to ensure the procedural safeguards of Rule 4:23-5 were complied with before dismissing the complaint with prejudice requires reversal regardless of which side is correct.

[2]  Although the order dismissing the case with prejudice states the court's reasons were set forth on the record, the parties failed to provide us the transcript.  We listened to a recording of that session, which ran less than five minutes.  The court based its ruling on plaintiff's failure to serve answers to the supplemental interrogatories, apparently overlooking the dispute on that point.  The court did not address plaintiff's counsel's compliance with the procedural requirements of Rule 4:23-5.

main objective of the two-tier sanction process in <u>Rule</u> 4:23-5 is to compel discovery responses rather than to dismiss the case." <u>A&M Farm & Garden Ctr. v. Am. Sprinkler Mech., L.L.C.</u>, 423 N.J. Super. 528, 534 (App. Div. 2012). When the parties dispute the adequacy of the answers, the court is to identify the questions requiring more specific answers, <u>Adedoyin v. Arc of Morris Cty. Chapter, Inc.</u>, 325 N.J. Super. 173, 182 (App. Div. 1999), adjourning the motion to compel compliance. <u>St. James AME Dev. Corp. v. City of Jersey City</u>, 403 N.J. Super. 480, 487 (App. Div. 2008).

Even more important, both the Rule and the case law interpreting it make clear the motion to dismiss with prejudice may not be granted without the judge ensuring that the procedural safeguards built into <u>Rule</u> 4:23-5(a) have been "scrupulously followed and technically complied with." <u>Thabo v. Z Transp.</u>, 452 N.J. Super. 359, 369 (App. Div. 2017). The court must ensure that counsel for the delinquent party has filed the affidavit required by <u>Rule</u> 4:23-5(a)(2) averring that counsel served the client with the order of dismissal without prejudice by regular and certified mail, return receipt requested, "accompanied by a notice in the form prescribed by Appendix II-A" of the Rules, "specifically explaining the consequences of failure to comply with the discovery obligation and to file and serve a timely motion to restore" as required by <u>Rule</u> 4:23-5(a)(1)

and that the client had been "served with an additional notification, in the form prescribed by Appendix II-B, of the pendency of the motion to dismiss . . . with prejudice." R. 4:23-5(a)(3).

Appearance by the attorney for the delinquent party on the return date is mandatory. R. 4:23-5(a)(2). The Rule further provides that

> if the attorney for the delinquent party fails to timely serve the client with the original order of dismissal or suppression without prejudice, fails to file and serve the affidavit and the notifications required by this rule, or fails to appear on the return date of the motion to dismiss or suppress with prejudice, the court shall, unless exceptional circumstances are demonstrated, proceed by order to show cause or take such other appropriate action as may be necessary to obtain compliance with the requirements of this rule.
>
> [R. 4:23-5(a)(3).]

Judging from the record before us, none of the Rule's procedural safeguards appears to have been complied with.[3] Accordingly, we conclude the trial court's entry of the order dismissing plaintiff's complaint with prejudice without reviewing the discovery plaintiff provided in response to defendants'

---

[3] We reject plaintiff's argument that the motion to dismiss with prejudice should have been denied based on defense counsel's failure to provide proof he served her counsel with the order to dismiss without prejudice as required by the terms of the order and Rule 1:5-1(a). Plaintiff's argument relies on an outdated version of Rule 1:5-1 prior to its amendment in 2018 to provide for electronic service pursuant to Rule 1:32-2A.

demands, resolving the dispute over the adequacy of the answers and whether answers to supplemental interrogatories had been provided, and ensuring plaintiff's counsel had served plaintiff with the original dismissal order and the required notices under Rule 4:23-5(a), constituted a mistaken exercise of its discretion. St. James AME Dev. Corp., 403 N.J. Super. at 484 (holding that "[w]hether to grant or deny a motion to reinstate a complaint lies within the sound discretion of the trial court."). We thus reverse the dismissal with prejudice and remand for further proceedings not inconsistent with this opinion. We do not retain jurisdiction.

Reversed and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1517-19