**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0827-21

JACQUELINE WYNN,

      Plaintiff-Respondent,

v.

GERMAINE N. JOHNSON,

      Defendant-Appellant,

and

MATTIE B. JOHNSON-
MCADAMS,

      Defendant.

_____

> Argued February 12, 2024 – Decided July 12, 2024
>
> Before Judges Berdote Byrne and Bishop-Thompson.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No: L-7058-18.
>
> Germaine N. Johnson, appellant, argued the cause pro se.

Joseph M. Szesko argued the cause for respondent (Zavodnick, Perlmutter & Boccia, LLC, attorneys; Joseph M. Szesko, on the brief).

PER CURIAM

In this personal injury action, a discovery dispute resulted in the trial court dismissing with prejudice the answer and affirmative defenses of defendant Germaine N. Johnson for his failure to comply with discovery obligations. Having reviewed the parties' submissions, the record, and law, we affirm.

Johnson is the property manager and landlord for the property owned by co-defendant Mattie B. Johnson McAdams[1] in Newark. Plaintiff entered a residential lease agreement with defendants to rent an apartment. After moving into the apartment, she made several complaints to defendants regarding the bathroom. Three months later, plaintiff lost her balance when she stepped on the unscrewed drain in the shower. She struck her head on the tiled wall and sustained injuries that required surgery.

On October 4, 2018, plaintiff filed a complaint. In response, Johnson, self-represented, filed an answer and asserted affirmative defenses. He claimed to have sent responses to Form C, C(2) interrogatories, supplemental

---

[1] Default was entered against co-defendant McAdams on June 14, 2019. McAdams is not a party to this appeal.

interrogatories, and notice to produce propounded by plaintiff on November 13. However, the discovery was not served on Johnson until November 23.

In a "good faith" letter dated January 8, 2019, plaintiff's counsel gave Johnson ten days to respond to the outstanding discovery to avoid a motion. Johnson did not respond and a second ten-day good faith letter was sent in February. Johnson again did not respond. Plaintiff moved to strike Johnson's pleading, which was not opposed. On May 30, 2019, the court suppressed and dismissed Johnson's pleadings without prejudice pursuant to Rule 4:23-1(a)(1).

Johnson's discovery remained outstanding. So, on August 5, 2019, plaintiff moved to suppress Johnson's pleading with prejudice. Johnson opposed the motion; however, discovery was not provided. Instead, he claimed that the discovery responses were resent on August 21. Following oral argument, on August 30, Johnson's pleading was dismissed with prejudice for failure to provide responses to interrogatories and the notice to produce.

In September 2019, Johnson filed a motion for reconsideration of the August 30 order dismissal of his pleading with prejudice followed by a motion to vacate default judgment, although it had not entered. Johnson failed to appear for oral argument for both motions scheduled in January 2020. Accordingly, the court rescheduled the hearing date to February 4. In

A-0827-21

compliance with the court's directive, plaintiff's counsel notified Johnson of the February hearing date by regular and certified mail. On February 4, 2020, the court granted Johnson's motion for reconsideration and the dismissal of his pleading was restored without prejudice and denied his motion to vacate the entry of default.

Between February 4, 2020 and December 22, 2021, Johnson filed motions for recusal, summary judgment, sanctions, and reconsideration. The court denied all the motions, finding Johnson lacked standing because he had not moved to restore his pleading.

On January 29, 2021, plaintiff's complaint was administratively dismissed for lack of prosecution pursuant to Rule 1:13-7. Two weeks later, plaintiff moved to reinstate her complaint to the active trial list and to dismiss Johnson's pleading with prejudice, or alternatively, enter a default judgment against defendants. Johnson opposed the motion but did not cross-move to restore his pleading even though 531 days had elapsed since his pleading was suppressed. On March 23, 2021, the trial court partially granted plaintiff's motion only on the reinstatement of her complaint. The order noted that the court "did not [opine] on the issue of reinstatement of the answer and entry of default at [that]

time. Instead, the court reserve[d] judgment on [those] issues until after the court has had an opportunity to hear oral argument from the parties."

On May 18, 2021, the court heard oral argument on plaintiff's motion to dismiss Johnson's answer with prejudice pursuant to Rule 4:23-5(a)(2). After oral argument, the court granted plaintiff's motion and entered a memorializing order.

Johnson participated in the proof hearing held on October 25, 2021. Following the hearing, the trial judge entered an Order for Judgment against defendants, jointly and severally, in the amount of $89,149.66.

On appeal, Johnson argues the trial court committed reversible error by failing to apply the "proper" principles of law, misrepresenting the facts regarding the scheduling of oral argument, failing to comply with Rule 4:23-5(a)(2) concerning his appearance, and failing to perform its duties reasonably, impartially, and objectively. He also argues the trial court abused its discretion by violating due process, failing to impose sanctions, and injecting testimony during oral argument on the motion to suppress his answer. We reject Johnson's arguments.

"[T]he standard of review for dismissal of a complaint with prejudice for discovery misconduct is whether the trial court abused its discretion." Abtrax

Pharms., Inc. v. Elkins-Sinn, Inc., 139 N.J. 499, 517 (1995). Furthermore, a trial court's decision on a discovery matter is "'entitled to substantial deference and will not be overturned absent an abuse of discretion.'" DiFiore v. Pezic, 254 N.J. 212, 228 (2023) (quoting State v. Stein, 225 N.J. 582, 593 (2016)).

Compliance with the two-step process set forth in Rule 4:23-5 is a prerequisite for dismissal of an answer. First, the non-delinquent party may move for dismissal without prejudice for noncompliance with discovery obligations. R. 4:23-5(a)(1). If the motion is granted, specific procedures for serving the order of dismissal must be followed. Ibid. Upon providing full and responsive discovery, the delinquent party may move to vacate the dismissal without prejudice "at any time before the entry of an order of dismissal . . . with prejudice." Ibid.

Second, if a delinquent party fails to cure its discovery delinquency, then "the party entitled to the discovery may, after the expiration of [sixty] days from the date of the order, move on notice for an order of dismissal . . . with prejudice." R. 4:23-5(a)(2). The motion to dismiss with prejudice "shall be granted unless" the delinquent party satisfies two requirements: (1) "a motion to vacate the previously entered order of dismissal . . . without prejudice has been filed by the delinquent party" and (2) "either the demanded and fully

6

responsive discovery has been provided or exceptional circumstances are demonstrated." Ibid. Rule 4:23-5(a) advances two objectives: (1) to compel discovery, thereby promoting resolution of disputes on the merits, and (2) to afford the aggrieved party the right to seek final resolution through dismissal. St. James AME Dev. Corp. v. City of Jersey City, 403 N.J. Super. 480, 484 (App. Div. 2008).

Applying those principles, we are satisfied the trial court did not err in dismissing Johnson's answer with prejudice. We reject Johnson's argument that he produced the discovery responses. The record demonstrates otherwise. The court correctly found discovery was not propounded on Johnson until November 23, 2018, so he could not have logically responded to discovery before that date. Moreover, Johnson failed to produce the outstanding discovery responses after he received two ten-day good faith letters and never moved to reinstate his answer. Thus, we conclude the court adhered to the procedural requirements of Rule 4:23-5(a)(2) because defendant was made aware of the motion and its consequences, and therefore, the trial court did not abuse its discretion in dismissing his answer.

We have often stated in the context of sanctions for discovery violations, dismissal of a claim for failure to comply with discovery is the "last and least

favorable option." Il Grande v. DiBenedetto, 366 N.J. Super. 597, 624 (App. Div. 2004). Here, a lesser sanction would not have been appropriate. Based on the record, we conclude Johnson continued to ignore plaintiff's discovery request and never attempted to cure the discovery deficiency; therefore, the "ultimate" sanctions imposed were neither unjust nor unreasonable. Abtrax, 139 N.J. at 514.

We have determined that Johnson's remaining arguments lack sufficient merit to warrant discussion in this written decision. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8