**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0443-22

CHRYSSOULA ARSENIS,

    Plaintiff-Appellant,

v.

EDWARD FRANK,
DR. MATTHEW D. GEWIRTZ,
DR. JAMES P. MCMENAMIN,
DR. TRACY GINSBURG, and
RICHARD HURD INVESTOR,

    Defendants-Respondents.

_____

Submitted September 11, 2024 – Decided September 17, 2024

Before Judges Rose and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-3828-21.

Chryssoula Arsenis, appellant pro se.

Biancamano & Di Stefano, PC, attorneys for respondents (James Passantino, on the brief).

PER CURIAM

Plaintiff Chryssoula Arsenis appeals from an October 7, 2022 Law Division order dismissing her complaint with prejudice for failure to provide discovery pursuant to Rule 4:23-5(a)(2). Because we cannot conclude on this record that the motion judge abused his discretion by dismissing plaintiff's action, we affirm.

The underlying facts are not pertinent to our resolution of the issues raised on this appeal. We summarize instead the relevant procedural history from the limited record provided on appeal, noting at all stages of litigation before the trial court and this court, plaintiff has been self-represented.

In June 2021, plaintiff filed a complaint against her commercial condominium association's board members and property manager for consumer fraud, common law fraud, unjust enrichment, and negligent misrepresentation. Defendants timely answered, asserted defenses, and propounded on plaintiff a notice to produce documents and interrogatories.

Plaintiff thereafter provided certain information in response to defendants' discovery demands, which defendants deemed inadequate.[1] On October 8, 2021, defendants sent plaintiff two deficiency letters, detailing their objections to:

---

[1] Plaintiff's appellate appendix neither includes defendants' discovery requests nor her initial responses to those requests.

interrogatories five, eight, fourteen, and eighteen through twenty-one; and document requests one through eleven. Defendants demanded fully responsive answers to these interrogatories and document requests within two weeks to avoid motion practice.

Plaintiff failed to respond to the deficiency letters; defendants moved to compel more specific responses to their demands. On February 18, 2022, the court considered defendants' motion on the papers and issued an order, granting defendants' application and requiring plaintiff to provide more specific responses within seven days pursuant to Rule 4:23-5(c). In a handwritten revision to defendants' form of order, the court elaborated as to how plaintiff should address each of the requested interrogatories[2]:

> 4 and 14 – provide expert contact information and general subject matter of anticipated reports/opinions.
>
> 8, 18[ – ] all documents now known to plaintiff must be identified and produced now, with reference to the interrogatory document demand to which they refer.
>
> 19, 20, and 21[ – ] plaintiff recites "elements of common law fraud" without reference to specific facts and does not address unjust enrichment or negligent misrepresentation.

---

[2] The court also corrected an apparent scrivener's error, noting defendants objected to interrogatory number five – not interrogatory number four as indicated in their form of order and deficiency letter.

Plaintiff failed to comply with the February 18 order. Accordingly, on June 16, 2022, the court granted defendants' ensuing motion to dismiss her complaint pursuant to Rule 4:23-5(a)(1).

Sometime in August 2022, plaintiff moved to reinstate her complaint asserting she complied with the February 18 and June 16 orders. At some point, the matter was assigned to the present motion judge. On September 9, 2022, the judge denied plaintiff's opposed motion on the papers. In his statement of reasons, the judge found plaintiff failed to comply with both prior orders "and otherwise provide good cause to vacate dismissal of the case and restoration to the active trial calendar."

Defendants thereafter moved to dismiss plaintiff's complaint with prejudice pursuant to Rule 4:23-5(a)(2). Following argument on October 7, 2022, the judge issued an oral decision, granting defendants' motion. The judge noted notwithstanding the prior court's explicit direction to plaintiff, she failed to comply with the February 18 and June 16 orders. The judge therefore found no basis to disturb those orders. Satisfied defendants complied with the temporal requirements of the rule and plaintiff failed to present any new arguments, the judge dismissed plaintiff's complaint with prejudice.

In her overlapping arguments on appeal, plaintiff asserts: the motion judge failed to rule on the disputed adequacies of her answers to interrogatories;

4

she cured any alleged deficiencies "multiple times" before her complaint was dismissed with prejudice; and the judge failed to make findings of fact and conclusions of law. For the first time on reply, plaintiff asserts – without elaborating – "exceptional circumstances hindered [her] ability to fully comply with the court's orders." We are not persuaded.

Well-settled principles guide our review. "[T]he standard of review for dismissal of a complaint with prejudice for discovery misconduct is whether the trial court abused its discretion, a standard that cautions appellate courts not to interfere unless injustice has been done." Abtrax Pharm., Inc. v. Elkins-Sinn, Inc., 139 N.J. 499, 517 (1995); see also St. James AME Dev. Corp. v. City of Jersey City, 403 N.J. Super. 480, 484 (App. Div. 2008).

Dismissal of a complaint under Rule 4:23-5 follows a two-step process. Initially, the non-delinquent party may move for dismissal without prejudice for noncompliance with discovery obligations. R. 4:23-5(a)(1). Upon providing full and responsive discovery, the delinquent party may move to vacate the dismissal without prejudice "at any time before the entry of an order of dismissal . . . with prejudice." Ibid.

Secondly, if a delinquent party fails to cure its discovery delinquency, "the party entitled to the discovery may, after the expiration of 60 days from the date of the order, move on notice for an order of dismissal . . . with prejudice." R.

4:23-5(a)(2). The motion to dismiss with prejudice must be granted unless: (1) "a motion to vacate the previously entered order of dismissal . . . without prejudice has been filed by the delinquent party" and (2) "either the demanded and fully responsive discovery has been provided or exceptional circumstances are demonstrated." Ibid.

Rule 4:23-5(a) advances two objectives: (1) to compel discovery, thereby promoting resolution of disputes on the merits, and (2) to afford the aggrieved party the right to seek final resolution through dismissal. See St. James AME Dev., 403 N.J. Super. at 484. We have recognized in the context of sanctions for discovery violations, dismissal of a claim for failure to comply with discovery is the "last and least favorable option." Il Grande v. DiBenedetto, 366 N.J. Super. 597, 624 (App. Div. 2004).

In the present matter, although plaintiff moved to vacate the without-prejudice dismissal order, she has not demonstrated she provided "fully responsive discovery" or presented any circumstances, let alone "exceptional circumstances," to avoid dismissal of her action with prejudice under Rule 4:23-5(a)(2). Nor are we persuaded by her contention that the motion judge failed to carefully scrutinize her discovery responses before dismissing her complaint with prejudice, when the record clearly establishes the first court carefully detailed the deficiencies in plaintiff's discovery responses and plaintiff failed to

cure those deficiencies.  See Adedoyin v. Arc of Morris Cnty. Chap., Inc., 325 N.J. Super. 173, 181 (App. Div. 1999).

We therefore conclude the ultimate sanction imposed was neither unjust nor unreasonable.  See Abtrax, 139 N.J. at 514.  Accordingly, we discern no basis to disturb the order under review.

To the extent not addressed, plaintiff's remaining contentions lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E). We simply add the motion judge's decision did not inhibit our review or otherwise contravene Rule 1:7-4.  See Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0443-22