**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3574-22

SHAKIRA LASISI,

     Plaintiff-Appellant,

v.

AON CONSULTING, INC.,
KATHY ORR, MIKE
COLHOUN, ALEXIS
SCHULTZ, and MARITZA
TORRES,

     Defendants-Respondents,

and

EDA AYKIT,

     Defendant.

_____

     Argued December 18, 2024 – Decided February 25, 2025

     Before Judges Rose and Puglisi.

     On appeal from the Superior Court of New Jersey, Law
     Division, Somerset County, Docket No. L-1053-20.

     Shakira Lasisi, appellant, argued the cause pro se.

Respondents have not filed a brief.

PER CURIAM

Plaintiff Shakira Lasisi appeals from the June 1, 2023 Law Division order dismissing her complaint with prejudice on motion of defendants Aon Consulting, Inc., Kathy Orr, Mike Colhoun, Alexis Schultz and Maritza Torres.[1] We affirm.

At the outset, we note our review of this appeal is hindered somewhat by the sparse record furnished to us by plaintiff and the failure of defendants to file a timely response in this court, which led to our suppressing defendants' brief.[2] While this deficiency might ordinarily prompt us simply to dismiss the appeal, we are confident that we have enough of the record to undertake meaningful appellate review. See Soc'y Hill Condo. Ass'n, Inc. v. Soc'y Hill Assocs., 347 N.J. Super. 163, 177-78 (App. Div. 2002) ("Without the necessary documents . . . we have no alternative but to affirm.").

---

[1] Defendant Eda Aykit was dismissed by stipulation of the parties and is not a party to this appeal.

[2] Defendants moved to vacate the suppression order and dismiss the appeal because the parties purportedly settled the matter. Absent a stipulation of dismissal executed by both parties and with appellate argument already scheduled, we denied the motion. To date, the parties have not filed a stipulation of dismissal.

In September 2020, plaintiff filed a complaint against defendants.[3] After defendants answered the complaint, a series of settlement conferences were scheduled and later adjourned between March and June 2021. On February 2, 2022, discovery was extended from March 17, 2022 to July 10, 2022; and later extended to November 7, 2022.

Between June and July 2022, plaintiff answered interrogatories and the parties exchanged a series of emails related to her responses. On August 26, 2022, the trial court granted defendants' motion to compel discovery.[4] On September 6, 2022, plaintiff executed a HIPAA[5] release form authorizing the release of medical records from one of her doctors.

In October 2022, the court entered an order that required plaintiff to provide separate HIPAA authorizations for six doctors, extended discovery to January 6, 2023, and scheduled a case management conference.[6]

---

[3] Plaintiff's appendix did not include her complaint.

[4] Plaintiff's appendix did not include the motion.

[5] Health Insurance Portability and Accountability Act, 42 U.S.C. §§ 1320d to -9.

[6] The order provided by plaintiff was not signed, dated or file-stamped.

A-3574-22

On October 30, 2022, plaintiff sent a letter to the assigned judge indicating she provided defendants with "all written and documentation correspondence," and attached a copy of her answers to defendants' first set of requests for production of documents.

On November 2, 2022, the court denied defendants' motion to dismiss the complaint for failure to provide discovery and plaintiff's motion to amend the order.[7]

On December 13, 2022, defendants' counsel served a notice to take plaintiff's deposition. Plaintiff responded she was unable to attend the noticed date of January 5, 2023.

On December 21, 2022, defendants filed a motion to dismiss the complaint for failure to provide discovery, which plaintiff opposed. On January 6, 2023, the court granted defendants' motion and dismissed the complaint without prejudice pursuant to Rule 4:23-5(a)(1).[8]

---

[7] Plaintiff's appendix did not include the order.

[8] The order provided by plaintiff was not signed, dated or file-stamped. It noted "GRANTED for the reasons set forth on the record," but plaintiff did not provide the transcript of the January 6, 2023 proceedings.

On March 15, 2023, defendants moved to dismiss the complaint with prejudice, which plaintiff opposed. On June 1, 2023, the trial court granted defendants' motion pursuant to Rule 4:23-5(a)(2). The order indicated it was "GRANTED for reasons stated in defendants' motion."[9]

On appeal, plaintiff raises the following issues for our consideration. First, she argues the court erred by dismissing her complaint initially without prejudice and then with prejudice, because she responded to defendants' discovery requests. She claims defendants' counsel confirmed she provided answers to interrogatories and document responses prior to June 2021; she sent defendants' counsel HIPAA authorizations and additional written responses to defendants' document requests; and the parties had not mutually agreed on a date for her deposition.

Second, plaintiff argues the trial court erred by not scheduling her deposition according to Rule 4:14-1 and -2, and defendants failed to comply with Rules 4:23-2(b)(3) and (4) in scheduling the deposition.

Third, plaintiff contends the trial court erred by granting defendants' motion to dismiss because she responded to all of defendants' discovery

---

[9] Plaintiff's appendix did not include defendants' motion or her opposition. Although the form order indicated the judge "heard the arguments of counsel," the record indicates the motion was decided on the papers.

A-3574-22

demands cited in their motion to dismiss with prejudice,[10] and was a consistent participant in the case. In support of her contentions, plaintiff cites Fik-Rymarkiewicz v. University of Medicine & Dentistry of New Jersey, 430 N.J. Super. 469 (App. Div. 2013).

"[T]he standard of review for dismissal of a complaint with prejudice for discovery misconduct is whether the trial court abused its discretion, a standard that cautions appellate courts not to interfere unless injustice has been done." Abtrax Pharm., Inc. v. Elkins-Sinn, Inc., 139 N.J. 499, 517 (1995). An abuse of discretion occurs when the trial court's "decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

Dismissal of a complaint under Rule 4:23-5 follows a two-step process. First, the moving party may seek dismissal without prejudice for noncompliance with discovery obligations. R. 4:23-5(a)(1). Upon providing full and responsive discovery, the delinquent party may move to vacate the dismissal without prejudice "at any time before the entry of an order of dismissal . . . with prejudice." Ibid.

---

[10] Plaintiff's appendix did not include the discovery demands at issue.

6

Second, if a delinquent party fails to cure its discovery delinquency, "the party entitled to the discovery may, after the expiration of [sixty] days from the date of the order, move on notice for an order of dismissal . . . with prejudice." R. 4:23-5(a)(2). The motion to dismiss with prejudice "shall be granted unless": (1) "a motion to vacate the previously entered order of dismissal . . . without prejudice has been filed by the delinquent party"; and (2) "either the demanded and fully responsive discovery has been provided or exceptional circumstances are demonstrated." Ibid.

Rule 4:23-5(a) advances two objectives: (1) to compel discovery, thereby promoting resolution of disputes on the merits; and (2) to afford the aggrieved party the right to seek final resolution through dismissal. St. James AME Dev. Corp. v. City of Jersey City, 403 N.J. Super. 480, 484 (App. Div. 2008). In the context of sanctions for discovery violations, the dismissal of a claim for failure to comply with discovery is the "last and least favorable option." Il Grande v. DiBenedetto, 366 N.J. Super. 597, 624 (App. Div. 2004).

Turning to plaintiff's first and third arguments, the record reflects plaintiff did not move to vacate the without-prejudice dismissal order prior to defendants' motion to dismiss the complaint with prejudice. While plaintiff provided answers and clarifications to interrogatories and signed a HIPAA release form

for one of her physicians, she failed to demonstrate she cured the deficiencies that resulted in the January 6, 2023 order such that the entry of the dismissal order constituted an abuse of discretion.

Plaintiff's reliance on Fik-Rymarkiewicz, 430 N.J. Super. 469, is without merit. In that case, the trial court dismissed the plaintiff's complaint for failure to appear at deposition. Id. at 476. The trial court subsequently denied the plaintiff's motion to vacate and dismissed the complaint with prejudice. Id. at 479. We affirmed, finding the dismissal without prejudice and the subsequent dismissal with prejudice were neither "unjust nor unreasonable." Id. at 481, 483. Here, plaintiff did not move to vacate the January 6, 2023 order, and her reliance on this case is misplaced.

Plaintiff's second argument that the trial court should have scheduled depositions pursuant to Rule 4:14-1 and -2 is unavailing. Neither rule imposes an obligation on the trial court to schedule depositions.

To the extent plaintiff challenges the January 6, 2023 order, we decline to address this order because it is not included in her notice of appeal. See Rule 2:5-1(f)(2)(ii) (requiring appellant designate all orders being appealed from in the notice of appeal).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3574-22